Stevens et al. *v.* Hartley.

the relation of surety toward Birkey, for the payment of the Sturges debt; and Birkey utterly failed to pay as principal,. and suffered the judgment to be levied upon Fleek's lands; and the same were sold by Fleek, and the Sturges judgment payed from the proceeds; and two thousand dollars' worth of the lands have thereupon been conveyed by Eddy to Fleek, or to his son-in-law, Wright, as an indemnity or remunera-- tion for Fleek having thus, as surety, paid the Sturges judgment.

Now, we have already said, that, upon one surety paying the debt, under such circumstances, he was entitled to all se- curities held by his co-surety in regard to the debt. And the. transfer of the $2000 of the landed security, by Eddy to Fleek, or to his son-in-law, with his approbation, upon such payment of the Sturges debt, is clearly within the rule of law thus mentioned, as applicable to this case.

The petition must, therefore, be dismissed, and judgment. entered for the defendants.

Judgment accordingly.

PECK, GHOLSON, BRINKERHOFF and SCOTT, JJ., concurred.

---

CATHARINE STEVENS ET AL. *v.* BENJAMIN HARTLEY.

1. The petition in an action against an executor upon a bond, given by him as. residuary legatee, for the payment of all the debts and legacies of the testator,. under the 4th section of the act to provide for the settlement of estates of deceased persons, passed March 23, 1840, need not show a presentment of the claim to the executor for allowance or rejection, or other matter to allow the bringing of the action, specified in the 98th section of the same act.
2. In such an action, the claim not having been previously established in an action against the executor in his representative capacity, the exception in section 113 of the code to the admissibility of a party as a witness applies, and the plaintiff is not a competent witness to testify as to transactions be- tween him and the testator.

ERROR to the court of common pleas of Seneca county.. Reserved in the district court.

On the 20th day of May, 1858, the defendant in error com-
menced his action in the court of common pleas of Seneca
county, against the plaintiffs in error, setting forth in his
petition, that, on the 21st of May, 1849, one Benjamin Ste-
vens, late of said county, made and published his last will
and testament, of that date; and that afterward, about the
1st day of June, 1849, he departed this life, leaving said will
in full force; that on the 26th day of June, 1849, this last
will and testament was admitted to probate, by the court of
common pleas of said county, and thereupon duly recorded;
that the testator, in and by his said last will and testament,
devised and bequeathed unto his wife, Catharine Stevens, one
of the defendants, now one of the plaintiffs in error, in lieu
of her dower, the farm on which he then lived, in said county,
during her natural life, and all the personal property and
effects of which he might die possessed, and also nominated
her as executrix of his said will; that, at the time said last
will and testament was admitted to probate as aforesaiα, said
Catharine Stevens elected to take under the will, was ap-
pointed, by the court, executrix thereof, and, as the residuary
legatee under the will, was ordered by the court to give a
bond in the sum of $500.00, with Jacob Fruth and John
Tennis, the other defendants, now the other plaintiffs in error,
as her sureties, conditioned according to law; that, thereupon,
on the 26th day of June, 1849, the defendants in pursuance
of said order of the court, executed and delivered their bond,
for the sum of $500.00, conditioned that said Catharine Ste-
vens, as residuary legatee under said will, should pay all the
debts owing by the testator; that said bond was thereupon,
on the same day, filed in the office of the clerk of said court;
that the testator, at his death, was indebted to the plaintiff,
upon two certain promissory notes, particularly described in
his petition; and that said Catharine Stevens had not paid
said notes, nor any part thereof, though often requested so
to do, etc.

A copy of the notes and bond was filed with and made
part of the petition.

A judgment was asked by the plaintiff against the defendants, upon the bond, for the amount of the notes.

The defendant, Catharine Stevens, only, answered the petition. In her answer, filed on the 15th of June, 1858, she specifically admits the making of the notes by said Benjamin Stevens, as charged in the petition, but avers that afterward, at a certain date, he sold to the plaintiff two yoke of steers, at the price of $50, which he was to credit upon the notes, but which he neglected to do; and that this $50 should be deducted from the amount of the notes at the date named. She then admits that there is a certain balance, specified, due to the plaintiff upon the notes, for which, and the costs of suit up to the time of filing her answer, she offers judgment.

To this answer the plaintiff replied by a general denial.

At the October term, 1858, of the common pleas, the action was tried, to a jury, upon the issue made between the defendant, Catharine Stevens, and the plaintiff. Upon this trial, the plaintiff was sworn and examined as a witness in his own behalf; and, in the course of his examination, testified that the steers mentioned in said answer, were not sold to him upon said notes, and that the price of them was not to be indorsed upon the notes, but that Benjamin Stevens sold him the steers in payment of another indebtedness than the notes mentioned in the petition. To this testimony, the defendant, Catharine Stevens, objected; but her objection was overruled, and the testimony was permitted to go to the jury, and she excepted.

The verdict was for the plaintiff for the amount of the notes; and a judgment upon the verdict against the defendant, Catharine Stevens, and by default against the other defendants, Fruth and Tennis.

To reverse this judgment, the defendants below filed their petition in error in the district court, and the same was therein reserved to this court for decision.

It is assigned for error:

1. That the petition in the action below does not state facts sufficient to constitute a cause of action: in this, that

it does not state that the claim was ever presented to Catharine Stevens, the executrix, for allowance or payment.

2. That the court permitted the defendant in error to testify, on the trial, as to said matters which transpired between him and the testator, Benjamin Stevens.

*W. P. Noble*, for plaintiffs in error :

1. In support of the first error assigned, the court is referred to *Ohio for the use of Magie & Baldwin* v. *Cutting*, 2 Ohio St. Rep. 1; *Woodson* v. *The State*, 17 Ohio Rep. 161; 1 S. & C. St. pp. 601, 602, secs. 177–179.

2. As to the second error assigned. The original action was against an *executrix* of a deceased person, on a note given by the deceased. The answer alleges payment by the deceased in his lifetime. This is denied by the reply. Everything, therefore, which pertains to the issue must have transpired during the life of the deceased party. Therefore, under section 313 of the code, the opposite party is incompetent as a witness. *The character as executrix* of Catharine Stevens is not changed by the circumstance of her giving bond, with surety, to pay the debts, she being residuary legatee. This is only an easy mode, adopted to save expense, and never changes the relation or character of the executrix.

*James Pillars*, for defendant in error :

The bond upon which the action below was brought, is not that of an executrix, but of a residuary legatee; and is an *absolute and an unconditional undertaking* to pay the debts of the testator. I can not see that one principle governing liability upon the bond of an executor, is applicable to it.

It follows, therefore, that the action was not against an executrix; and that the plaintiff below was not excluded from being a witness in his own behalf, by section 313 of the code; but that he was a competent witness for himself, by virtue of the express provisions of that section, as to any of the facts relevant to the action, as well those which occurred before, as those which occurred after, the decease of the testator. Vide *Myers* v. *Walker's Adm'r*, 9 Ohio St. Rep. 558.

I submit that it is not competent for the defendant, Catharine Stevens, to now object to the sufficiency of the petition, after admitting, as she did, in her answer, that there was a certain amount due to the plaintiff on the notes, and offering and confessing a judgment in favor of the plaintiff, for the amount, and costs.

I also further submit, that it is not competent for the defendants, Fruth and Tennis, to now object to the sufficiency of the petition, or, especially, that the plaintiff was permitted to testify; they having never answered or defended in the case, but permitted the judgment to be taken against them upon their default. How did the testimony of the plaintiff affect them? Was he not entitled to his judgment against them, upon default, for the full amount of his claim, whether he testified or not?

It is not for Mrs. Stevens, now, after her answer in the case, nor for Fruth and Tennis, after default, to say that it does not appear that she received any, or enough assets from the testator. He gave her, by his will, certain real estate; she has not set up the defense of want of assets; but by her offering in her answer, a judgment to the plaintiff below, she tacitly *admits* a sufficiency of assets.

GHOLSON, J.—The questions presented in this case, involve the construction of the 4th section of the act to provide for the settlement of the estates of deceased persons, passed March 23, 1840 (1 S. & C. 567).

The preceding section requires an executor, before entering upon the execution of his trust, to give bond, payable to the State of Ohio, with condition: 1st. To make and return an inventory of money, goods, etc., and also if required, of real estate. 2d. To administer according to law, and to the will of the testator, all his goods, etc., and the proceeds of real estate which may be sold, etc. 3d. To render upon oath, a just and true account of his administration, within eighteen months, and at any other times when required by the court or the law.

Section 4, provides: " That if the executor is residuary

legatee, he may, instead of the bond prescribed in the preceding section, give bond in a sum, and with two or more sureties, to the satisfaction of the court, with condition to pay all the debts and legacies of the testator ; in which case he shall not be required to return an inventory."

The 5th section provides that, " the giving of such bond as is prescribed in the preceding section, shall not discharge the lien on the real estate of the testator, for the payment of his debts, except only on such part thereof as shall have been lawfully sold by the executor, to one who purchased in good faith, and for a valuable consideration."

From these provisions, it appears that the payment of debts and legacies stands in the place of all the matters specified in the condition of the bond of an executor, and the placing in the hands of the court that which, it is evident from various provisions of the statute, is essential to the proper accountability of an executor, an inventory of the goods, etc., is expressly dispensed with.  A residuary legatee is not required to give such a bond—he may do it, and it must be supposed would not do it, unless satisfied that the amount of assets would exceed the amount of debts and legacies.  And *prima facie*, at least, the bond he voluntarily gives, must bind him according to its terms, and be the measure of his legal liability.  The law evidently contemplates that the assets are sufficient to pay, and that the sum fixed as the penalty of the bond will cover all the debts and legacies.  If, in any case there should be a mistake in either particular, whether any course can be taken to prevent injustice to the parties interested, we need not decide.  This is not such a case.

The residuary legatee being supposed to be cognizant of the debts, and having agreed to pay them, the reason which requires the presentation of claims to an executor or administrator in the ordinary course of administration, does not apply.  The objection, therefore, to the petition that it shows no cause of action, because it is not stated that the claim was presented to the executrix, can not be sustained.

The residuary legatee who gives the bond is also the exe-

cutor, and the bond is instead of the bond ordinarily required of an executor. It creates a liability or affords a remedy which the latter does not, but it is only intended to provide for the payment of the *debts* of the testator, and it by no means follows that any substantial provision of law, intended to guard the estate of the testator against unjust claims, does not apply. The residuary legatee, it must be supposed, has only agreed to pay just claims against the estate he represents, and for their ascertainment may well claim the benefit of any rule of law, or evidence, applicable to such an inquiry. If a creditor may sue on the bond given for the payment of the debts, without a previous ascertainment of the claim in an action directly against the executor (a point which does not arise in this case, as from the course of the proceedings it has been clearly waived), he should not be placed in a better position than if he had adopted that course. He must be regarded as adopting a remedy given by statute in the place of an action against the executor—a remedy which permits him, at the same time, to establish his claim, and obtain the benefit of security for its payment. But if the justice of his claim be disputed, he must be prepared to establish it by the same character of testimony which would be required if the action was against the executor merely in his representative capacity.

Section 313 of the code is in the nature of a statute against frauds and perjuries. The testimony of the party to the action, though generally admissible, is excluded when it relates to transactions between him and a deceased person, against whose estate he asserts a claim. It was considered that there would be a temptation, in such a case, to fraud and perjury, against which protection should be given by excluding the testimony. The reason of the law certainly applies in this case with the same force as if the residuary legatee had given the ordinary bond and had been sued as executrix. The form which the remedy given to the creditors of the estate assumes can properly make no difference.

We think, therefore, that the court of common pleas erred in permitting the plaintiff in the action to testify as to trans-

actions which occurred between him and the testator, against whose estate he was seeking to establish a claim. For this error, the judgment of the court of common pleas must be reversed, and the case remanded to that court for further proceedings.

Judgment reversed.

SUTLIFF, C.J., and PECK, BRINKERHOFF and SCOTT, JJ., concurred.