## THEODORE R. HODGE v. ABNER S. CORIELL.

In replevin, when the plea of *non cepit* is pleaded, and property in the defendant as an administrator, the defendant is not *sued* in a representative capacity, and therefore the plaintiff is a full witness in the case.

This was an action of replevin. The declaration was in the usual form, and the defendant pleaded property in himself as the administrator of J. T., deceased, and upon this allegation issue was taken. At the trial, the plaintiff was sworn as a witness, and, notwithstanding the objection of the defendant, was permitted to testify to the admission of J. T. that the property in controversy did not belong to him but to a person from whom the plaintiff derived title.

The case was certified for the advisory opinion of this court, on the question whether the evidence of the plaintiff as to the declarations of J. T., deceased, were properly admitted.

Argued at June Term, 1882, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, MAGIE and PARKER.

For the plaintiff, *R. V. Lindabury.*

For the defendant, *J. J. Bergen.*

BEASLEY, CHIEF JUSTICE. This disputed evidence seems to me to have been properly admitted. A party to a suit is not prevented by the law of this state from testifying, with respect to the declarations of an interested deceased person touching the subject of the controversy, except in one specified condition of affairs. Such exclusion arises only when the party testifying, or the opposite party, is suing or is being sued in a representative capacity. It is not enough that one

of the parties is interested in the subject of the litigation as the representative of a decedent. The statutory criterion is clear and definite, and it is that one or other of the litigants must appear upon the record as a party suing or being sued in a representative capacity. The statute of 1880 does not repeal this criterion. Its effect is to make admissible in a specified degree the testimony of parties to the suit, even though a representative be one of such parties.

In the present instance it is obvious that the defendant was not sued in a representative capacity. The plaintiff asserted no claim against him in that capacity either in his writ or declaration. The claim that he set up in his plea, that he was entitled to the property in dispute in right of his intestate and in his character as administrator, could not alter his position as a party to the record. He was sued as an individual, and the judgment would pass either for or against him in that form. The defendant in this writ and declaration is called to account for a tort in his own person. With regard to any estate represented by him, the plaintiff has no concern; that estate may be wholly insolvent, and yet the defendant be liable for their damages and costs. The defendant could not be sued in this matter in his representative capacity. The law does not admit of it, and it would, therefore, be singular so to interpret this record as to find in it that which must be excluded by legal rules. Even if the defendant should be personally insolvent, and the estate which he says he represents should be solvent, the plaintiff could not direct his remedy against either, but only against the former. If, therefore, the theory is to be resorted to that in this instance the defendant is sued in his representative capacity, it can be not with a view of strengthening the plaintiff's remedy, but merely to work the defendant's exclusion as a witness. It may be that the interest of the party in the cause of action, by reason of his being the representative of a decedent, rather than his *status* as a party suing or being sued, would, in some respects, be the better criterion for the exclusion of the adverse party. But such a rule would be open to the objection that the application of the criterion

would depend not on a patent circumstance, such as the attitude of a party on the record, but on the latent fact of an interest subject to dispute and which might not appear until the later stages of the trial. Thus, in this case, there was a first plea of *non cepit*. On the opening of the case, therefore, the plaintiff would have been on that issue very clearly a witness. Is such testimony to be subsequently overruled when the defence comes in? Such incongruities are avoided by reading the statute as the rules of construction require, according to the plain meaning of plain terms. I can, perceive no legal ground on which this clear language is to be subjected to judicial alteration under the notion that the court can improve on this legislation.

Let the Circuit Court be advised accordingly.

Justices DIXON and MAGIE concurred.

PARKER, J., (dissenting.) I respectfully dissent from the decision of the majority of the court in this case.

By the certificate from the Circuit Court the following facts appear: In November, 1881, Jacob Shurts died. At the time of his death, there were on his premises and in his possession forty tons of coal. Coriell, the defendant, was appointed administrator of Shurts, and as such administrator he inventoried the coal as part of the estate. Together with other personal property of the estate, the coal was advertised for sale, the notices of sale being signed by defendant as administrator. On the 1st day of December, 1881, the defendant signed and served on plaintiff a notice in writing that as administrator of Jacob Shurts, deceased, he would hold plaintiff responsible for damages that might arise from his pretended claim of the coal and his threats to replevy. It thus appears that Coriell never claimed the property, nor took any action in reference thereto, except as administrator. The plaintiff knew that fact, and he also knew that the coal was in possession of Shurts in his lifetime and up to the time of his death. On the 10th day of December, 1881, the plaintiff brought an action of replevin for the coal against Coriell

individually.    The summons and declaration were against him personally.

The defendant, in addition to the general issue, pleaded property in the estate of Jacob Shurts, and in himself as the representative of such estate.    The plaintiff joined issue and denied that the property was in defendant as administrator.    Upon the trial, the plaintiff offered himself as a witness, and in the course of his examination was asked as to statements made by Jacob Shurts in reference to the property in the coal, and plaintiff testified that a short time before Mr. Shurts died, he told plaintiff he did not own the coal, but that it belonged to the father of plaintiff.    This evidence was objected to by the defendant's counsel, but admitted.    The defendant was not sworn.    There was a verdict for plaintiff, and the defendant applied for a new trial.    The question certified for the advisory opinion of this court is as follows, viz.: "Was the evidence of the plaintiff, as to the declarations of Shurts, improperly admitted, and should a new trial be granted on that account?"

From this statement of facts, it appears to me that although the process was against Coriell personally, the real controversy was between the plaintiff, on one side, and the estate of Jacob Shurts on the other.    Coriell had done nothing towards taking possession or converting the property, except as administrator.    He was not personally interested in the result.    Should plaintiff succeed, the estate would be diminished.

The object of legislation on this subject is to close the mouth of the living, where the lips of the other party to the transaction have been closed by death.    Although the language of the statutes of different states on this subject differs slightly, yet the object of all is the same.    The words indicating the various personal relations protected by the statute are to be liberally construed in furtherance of the equity of the rule.    The rule rests on a principle which courts of equity concur in accepting, and is, therefore, cordially recognized. Effect should be given to the statute according to its manifest intent, and substance should not be sacrificed to form.

In *Smith* v. *Burnet*, 8 *Stew.* 314, the justice who delivered the unanimous opinion of the Court of Errors and Appeals, said, in speaking of the statute in question: "In enforcing the object of the statute, courts will look at the substance of the cause, and observe through the forms of procedure who are the real parties whose interests are antagonistic, and then will see that where one is put at a disadvantage by death, the other shall not be permitted to profit by the misfortune of his adversary. In the language of Dr. Wharton, the object of the restrictive clause in all such statutes is to provide that where one of the parties to a litigated obligation is silenced by death the other shall be silenced by the law."

Where a surviving party undertakes to testify as to personal communications with deceased whose estate is interested, the survivor is incompetent, no matter what is the technical character of the suit. See 1 *Whart. on Ev.* 468, and cases there cited.

If a representative be sued in his individual name, the plaintiff is prohibited from giving evidence of statements of deceased if the result will enhance or diminish the estate. *Abbott's Tr. Ev.* 64, and cases there cited.

The case of *Stuckey* v. *Bellah*, reported in 41 *Ala.* 700, is directly in point. The part of the statute of that state bearing upon the question is almost identical with ours, and provides that there shall be no exclusion of a witness because he is a party, *except* that in suits against executors or administrators, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator or intestate. Mrs. Struckey brought an action in trover for damages for the conversion of a watch, which she alleged R. H. Struckey (a relative) had presented to her shortly before his death. The defendant, who was administrator of R. H. Struckey, held the watch as assets of his estate. The suit was brought against the defendant individually, and at the trial the plaintiff offered herself as a witness to prove the gift of the watch to her by deceased. Objection was made to the

competency of the evidence, because the testimony related to a transaction between the witness and deceased, as whose administrator the defendant had justified. . The evidence was admitted by the inferior court, exceptions were taken and the cause removed to the Supreme Court. The Supreme Court reversed the judgment below, and held that in trover against an administrator in his individual capacity for the conversion of a chattel which plaintiff claimed under an alleged parol gift from the intestate in his lifetime, and which defendant holds and claims as assets of his intestate's estate, the plaintiff is not a competent witness to prove the alleged gift to herself, and that the case was within the spirit of the act, although the suit was against the defendant as an individual. In the opinion of the court the following language is used, viz.: "It is true that the suit was instituted against the defendant in his personal character, but the right of action disclosed was based upon an alleged conversion by him in wrongfully withholding the property as belonging to the estate of his intestate. This made it, within the meaning and intent of the statute, a suit against an administrator. A different construction would not agree with the intent of the legislature, and the rule is well settled that if from a view of the whole law the intent is different from even the literal import of some of its terms, the intent should prevail. The construction of the statute should not be such as to place it within the power of a party plaintiff to avoid its positive mandate, at his election, as to the mere form of remedy."

The authorities on this subject are collected in 1 *Whart. on Ev.*, § 466. See, also, *Pattison* v. *Armstrong*, 74 *Penna. St.* 476; *Stevens* v. *Hartley*, 13 *Ohio St.* 531; *Louis* v. *Easton*, 50 *Ala.* 470; *Key* v. *Jones*, 52 *Ala.* 238.

I think the evidence in question was improperly admitted. If, when the testimony was offered and admitted, the case had not been fully developed, it should have been overruled, when the whole case was in, before submission to the jury.

I think there should be a new trial, and that the Circuit Court should be so advised.