CODY *et al. v.* FIRST NATIONAL BANK OF GAINESVILLE.

1. Under the Supreme Court practice act, it is the duty of the plaintiff in error to bring up to this court those portions of the record which he specifies and which the court certifies to be material, and where the exception is to the grant of a new trial, and certain specified parts of the record, because of the loss of the same, cannot be certified and transmitted to this court, it will in their absence (unless the record actually before this court is manifestly sufficient to enable it to pass intelligently upon all the errors alleged) be presumed, in favor of a judgment granting generally a new trial, that if such omitted portions of the record had been transmitted they would sustain the ruling of the court and justify the grant of the new trial.

2. Where it appears from the certificate of the clerk of the trial court that certain portions of the record which were specified in the bill of exceptions have been lost or mislaid, and for this reason cannot be transmitted, this court cannot, for the purpose of ascertaining the contents of such omitted portions, look outside of the record to papers filed here by counsel for the plaintiffs in error. To justify consideration by this court of lost records not sent up, copies of them must be established in the lower court and duly certified copies thereof transmitted in the manner pointed out by law.

May 11, 1896.    Argued at the last term.

Practice in Supreme Court.

*E. P. Davis* and *J. B. Estes*, for plaintiffs.     *Dean &
Hobbs, H. H. Perry* and *M. L. Smith*, for defendant.

ATKINSON, Justice.

1.   The writ of error in the present case was from a
judgment granting a new trial.   When it was reached for
consideration in this court, a motion was made to dismiss
it upon the ground that certain portions of the record
specified in the bill of exceptions, and ordered to be sent
up, were not certified and sent up by the clerk.   The por-
tions of the record, upon the absence of which the motion to
dismiss was predicated, were an amendment to the plaintiff's
petition and the answer of the defendant.   When the mo-
tion to dismiss came on for consideration, plaintiff suggest-
ed a diminution of the record, and moved to supply the ab-
sent record by the production of copies thereof certified by
the clerk, alleging that the originals of the amendment
and answer had disappeared from the office of the clerk.
These facts were supported by affidavits of the clerk as to
the correctness of the copies, and likewise that the absent
records were not then in his possession, custody or control.
There were also affidavits of counsel for plaintiff in error,
showing that the absent papers were never in their custody
or control, and that they had no information of the ab-
sence of such parts of the record until served with the
notice of the motion to dismiss the case on said account.
Upon consideration of the cause, the court refused to dis-
miss the writ of error, but affirmed the judgment for the
following reason:   Under the provisions of our law, the
burden of proof is upon the plaintiff in error to show error
in the judgment of which he complains.   The presumptions
are all in favor of its correctness.   Under the practice
which prevails in this court, it is the duty of the plaintiff
in error to bring to this court those portions of the record
which he specifies, and which the court below certifies to
be material; and hence, where the exception is to the grant

of a new trial, and certain specified parts of the record, because of the loss of the same, cannot be certified and transmitted to this court, it will in their absence be presumed, in favor of a judgment granting generally a new trial, that if such omitted portions of the record had been transmitted they would have sustained the judgment of the court. This presumption, however, would not arise, if the record actually before this court be manifestly sufficient to enable it to pass intelligently upon all the errors alleged, and of itself negative the idea that the judgment was supported by those portions of the record which were absent. In such a case the court would proceed to the determination of the issues actually presented, without reference to the records which were absent.

2. The motion of the plaintiff in error cannot be made effectual to supply the absent record. It appears from the certificate of the clerk of the trial court, that certain portions of the record, which were specified in the bill of exceptions, have been lost or mislaid. Those portions of the record we find to be indispensable to the determination of the questions made in this case. Being lost, copies of them could not be transmitted to this court in the manner pointed out by law, and the law confers upon us no power, for the purpose of ascertaining the contents of such omitted portions of the record, to look to papers outside of the record filed here by counsel for plaintiff in error. This court has no authority to establish papers lost before their transmission here. Until they are certified and forwarded here by the clerk of the trial court, they are no part of the records of this court, and hence if they be lost prior to their transmission, proceedings should be taken to have them established in the trial court, in order that the clerk of that court could properly transmit copies to this court in the manner pointed out by law. Being unable then to consider the copies which were submitted by counsel for plaintiff in error as parts of the record, and being unable, from

those parts of the record which are before us, to say that the court erred in granting a new trial, the judgment is

*Affirmed.*