Summers, J.
The Milling Company, a corporation, contracted with the defendant’s decedent for four cars of oats, three to be delivered in the month of July and one in the month of August, 1901. But one car was delivered. The Milling Company sued for and recovered the difference between the selling price and the market price at the time for delivery. The contract was made by conversation, by telephone, between the general manager, who was also the secretary and treasurer, of the Milling Company and the defendant’s decedent. The court of common pleas overruled an objection to the competency of the general manager to testify as to the conversation and' he so testified. The circuit court reversed on the ground that in this ruling the trial court erred.
At common law for nearly two hundred years an interested person was disqualified to testify in his own behalf. The reason for the disqualification was the assumption that under such circumstances most persons would testify falsely, *273 and, as there was no certain test whereby the jury might discover the truth, that it was expedient to exclude all such witnesses.
The fallacy of this assumption was pointed out by Bentham and others, and on August 22, 1843, by an act entitled: “An act for improving the law of evidence” (6th & 7th Viet. c. 85), since known as Lord Denman’s Act, the disqualification was removed in England, and since then in the federal courts by act of Congress and by statute in each of the states in this country. In 1851 the disqualification of parties was removed in England by the adoption of Lord Brougham’s Bill (14 & 15 Viet., c. 99), and shortly thereafter similar acts were passed in this country. But in the act of Congress and in the statute of nearly every state, either in the statute abolishing the disqualification or in one shortly thereafter enacted, an exception was made so that a party is excluded from testifying, where the adverse party is an executor or administrator, as to facts transpiring before the death of his decedent.
The reason for the exceptions is thus stated by Gholson, J., in Stevens et al. v. Hartley, 13 Ohio St., 525, 531: “Section 313 of the code is in the nature of a statute against- frauds and perjuries. The testimony of the party to the action, though generally admissible, is excluded when it relates to transactions between him and a deceased person, against whose estate he asserts a claim. It was considered that there would be a temptation in such a case to fraud and perjury, against which protection should be given by excluding the testimony.” See also Louis’s Admr. v. Easton, 50 Ala., 471; Owens v. Owens’s Admr., 14 W. Va., 88, 95.
*274 That the exceptions are equally indefensible with the original rule is pointed out by Professor Wigmore in his learned work, Wigmore on Evidence, Section 578, where the whole matter is treated, and he well says of these exceptions: “As a matter of policy, this survival of a part of the now discarded interest-qualification. is deplorable in every respect; for it is based on a fallacious and exploded principle, it leads to as much or more false decision than it prevents, and it encumbers the profession with a profuse mass of barren quibbles over the interpretation of mere words.”
In St. John v. Lofland, 5 N. D., 140, Corliss, J., says: “Statutes which exclude testimony on this ground are of doubtful expediency. There are more honest claims defeated by them, by destroying the evidence to prove such claim, than there would be fictitious claims established if all such enactments were swept away and all persons rendered competent witnesses.”
In this state the substance of Lord Denman’s Act was enacted in 1850 (48 Ohio Laws, 33). Section 3 is as follows: “No person offered as a witness shall be excluded by reason of his or her interest in the event of the action; but this section shall not apply to a party to the action, nor to any party for whose immediate benefit such action is prosecuted or defended, nor to any assignee of a thing in action, assigned for the purpose of making him a witness.”
This section was under consideration in Lawson & Covode v. The Farmers’ Bank of Salem, 1 Ohio St., 206. In that case two stockholders, also directors, in the plaintiff corporation were *275 permitted to testify against the objection of the defendant. It was ruled that they were not parties within the meaning of’ the statute. In the opinion it is said that the disqualification because of their interest was removed by the statute, and that being stockholders ‘and directors did not make them parties, that they were not named as parties upon the record and that they were not within the exception of “any party for whose immediate benefit such action is prosecuted or defended.”
Prior to the legislation removing the disqualifications of parties to testify, the officers and stockholders, not named as parties in the record, in a corporation, a party, were not disqualified as parties, but only as being interested, and it remains to ascertain whether the general assembly in its efforts to remove the disqualifications of parties has disqualified persons' who were theretofore competent.
Following Lord Brougham’s Act the disqualifications of parties in this state were partially removed by our civil code of 1853 (51 Ohio Laws, 57).
Section 310 provided, that in any . civil action no person shall be disqualified as a witness by reason of his interest in the same, as a party or otherwise. And Section 313 reads: “No party shall be allowed to testify by virtue of the provisions of Section 310, where the adverse party is the executor, or administrator, of a deceased person, when the facts to be proved transpired before the death of such deceased person.”
The provisions of the code recognize both parties and persons having an interest, so that it is *276 not permissible to conclude that officers and stockholders in a corporation, because interested, were intended to be comprised in the word party. Potter v. National Bank, 102 U. S., 163.
Since 1853 numerous amendments have been made of these provisions of the code, adding disqualifications of a party, but there has been no disqualification of the officers or stockholders in a corporation. In Elliott v. Shaw, 32 Ohio St., 431, 434, Day, J., says: “Instead of providing, in general terms, that where one party to a transaction or matter in issue, is unable, for any cause, to testify, the other shall also remain silent, the ,common law disqualification of a party from testifying, removed by Section 310, has been restored by Section 313 only by successive enactments, cautiously confined, in each instance, to a particularly specified circumstance.”
These various disqualifying provisions were treated as exceptions to the statute removing the disqualification and consequently were strictly-construed. In 1880 these provisions of the code appear as Sections 5240,' 5241, 5242, Revised Statutes, and it was provided in Section 5242 that, “when a case is plainly within the law and spirit of the last three sections, though not within the strict letter, their principles shall be applied.” It will be observed that the law is not that the exceptions are to be multiplied by judicial construction, but that the principles of the three sections shall be applied when a case, not within the letter, is plainly within their reason and spirit. Accordingly in Cochran v. Almack, 39 Ohio St., 314, it was ruled that: “A defendant is a competent witness to transactions with. a *277 deceased agent of plaintiff.” Johnson, C. J., says (316) : “It follows, that if a case is provided for, by the terms of either of the sections, no occasion can arise for invoking the spirit and reason of the statute to supply the omission of its letter or terms.”
To the same effect is what he says in Sternberger v. Hanna, 42 Ohio St., 305, 309. These cases are followed in First National Bank v. Cornell, 41 Ohio St., 401; Keyes v. Gore, 42 Ohio St., 211; Shaub v. Smith et al., 50 Ohio St., 648.
But it is contended that as a corporation can act only by an agent, the exception can have ■ no application to a corporation unless the agent who acts for it is excluded. This may be true, but in view of the fact that a number of exceptions have from time to time been added to the statute and, in view of the fact that in some states the agents of corporations are in such cases expressly excluded, the contention tends to establish only a causus improvisáis which is no warrant for judicial legislation.
The following cases support the conclusion: New Jersey Trust & Safe Deposit Co., Exr., v. The Camden Safe Deposit & Trust Co., 58 N. J. L., 196; Grange Warehouse Assn. v. Owen, 86 Tenn., 355; Colonial & U. S. Mortg. Co., Ltd., v. Thedford, 21 Tex. Civ. App., 254; Ullman. v. The Brunswick Title Guarantee & Loan Co., 96 Ga., 625; Rosser et al. v. Railway Co., 102 Ga:, 164; Cody v. First Natl. Bank of Gainesville, 99 Ga., 405; Rust et al., Exrs., v. Bennett et al., 39 Mich., 521; City Sav. Bank v. Enos, 135 Cal., 167; Merriman v. Wicker sham, 141 Cal., 567; In re Will of Bruendl, 102 Wis., 45; Fidelity & *278 Casualty Co. v. Goff’s Exrx., 17 Ky. Law Rep., 214.
The general manager of the plaintiff corporation was not therefore incompetent to testify on the ground that the defendant was an administratrix, and the circuit court erred in reversing the judgment of the court of common pleas on that ground.

Judgment of the circuit court is reversed and that of the common pleas affirmed.

Shaucic, C. J., Price, Crew, Spear and Davis, JJ., concur.