PERMELIA CLARK V. THE SOUTHERN PACIFIC RAILROAD COMPANY.

The owner of a life estate is capable of taking by release from a remainder-man, so as to qualify the latter as a witness in his behalf in a suit for injury to the property.

During the lifetime of a person, no one can have a vested or certain interest in his estate in the character of an heir.

APPEAL from Harrison.    Tried below before the Hon. C. A. Frazer.

This action was instituted by the appellant against the appellee to recover damages for injury sustained by a slave, the property of the appellant, while in the possession and under the control of the appellee.

The plaintiff, in her petition and amended petition, alleged that she hired the slave to the appellee to be employed by the latter on the railroad only; but that in violation of the contract, the appellee put the slave to labor in unloading railroad iron from a steamboat, whereby he was so injured as to cause abdominal rupture.

At the trial of the case the plaintiff introduced as a witness her son, W. T. B. Butler, to prove the contract as above stated, and other facts material to her case.   On his *voir dire*, the witness stated that he was the son of the plaintiff; that several years previously, his grandfather, Young Stokes, in the State of Georgia, bequeathed to his mother two sums of money, one of $300, absolutely, the other of $400, to her for life, with remainder at her death to the heirs of her body when they arrived at the age of twenty-one; and if no such heirs, then to become part of the testator's estate.    With these two sums of money the negro in question was purchased, and the title to him exists in the plaintiff in the same manner as the sums of money pertained to her.

Defendant objected to the competency of the witness that he held a vested remainder in the negro, and had thereby a direct interest in the result of this suit.   The objection was sustained by

the court, and thereupon the witness executed to the plaintiff, his mother, a release of all the interest he held in the negro and in the event of this suit. Being then again offered as a witness by the plaintiff, the defendant again excepted to his competency on the ground that the release should have been made to the person who would be entitled to the negro in the event of the witness ceasing to be a beneficiary under the will. The objection was sustained by the court, and the plaintiff excepted, took a non-suit, and gave notice of a motion to reinstate the cause.

The motion to reinstate set forth surprise by the rulings of the court in excluding the witness both before and after the execution of the release; and specified the facts which the witness would have proved, which facts were the contract of hiring, the value of the slave, the mode in which the injury was received, and other circumstances material to the issue. In support of the motion, the affidavit of the witness, who was also agent for the plaintiff, was placed on file. The motion was overruled by the court, and there was judgment final against the plaintiff, who gave notice of appeal.

The errors assigned are the rulings of the court excluding the witness both before and after his execution of the release, and the overruling of the motion to reinstate.

*A. H. Willie*, for appellant. Admitting that the witness held a remainder in the property, it was a contingent and not a vested remainder. Contingent remainders are divided, by Blackstone, into two classes: Those which are limited to a dubious or uncertain person, and those limited upon a dubious or uncertain event. As an instance of the latter, he states the following: where land is given to A. for life, and in case B. survives him, with remainder to B. in fee, which remainder depends upon the uncertainty of B's surviving A. (2 Black., 170.) Considering, therefore, the superadded word "children" in this will as descriptive of a class of persons, it makes precisely such a case as that stated by Blackstone, for the property is given to Mrs. Butler for life, and after her death to her children, *but in case no child or children survive her*, it goes to the other heirs of his estate;

precisely as if the testator had said: "I give to Permelia A. Butler this property for life, and if W. T. B. Butler survives her, then I give it after her death to him and his heirs forever," which is the substance and almost the exact language of Blackstone's example of a contingent remainder. In fact every conveyance which limits property in a manner similar to that in which it was limited in Shelly's case, creates either a fee in the first taker or a contingent remainder in his heirs. According to Mr. Justice Blackstone in Perrin v. Blake, Harg. Law Tracts, and Lord Mansfield in Doe v. Lansing, (2 Burr., 1100,) both cited in 4 Kent, 217, marg. page, it was for the purpose of preventing contingent remainders, and of consequence the freeholds being in abeyance that the rule in Shelly's case was first adopted. If the court wish American authority upon this subject, it is respectfully referred to May v. Gest, (14 Serg. & Rawle, 40,) where a very similar clause in a will was construed to carry a contingent remainder.

It is needless to produce authority to show that in order to disqualify a witness he must have a direct, certain, immediate and vested interest in the suit, and that a remote, contingent and uncertain interest is not sufficient. The elementary works, the decisions of other courts, and the opinions of this court from its organization down to the present time, have too well established this as the law for it to be now doubted or disputed. (1 Greenl. on Ev., sec. 386, 390; McKay and wife v. Treadwell, 8 Tex., 178; Wentworth v. Crawford, 11 Tex., 127, 130; Sanders v. Duval, 19 Tex., 471.) If then the interest of the witness was that of a contingent remainder-man it was contingent, uncertain and remote, and he was not disqualified.

But let us admit, for the sake of argument, that the interest of the witness in the negro was that of a vested remainder-man, and he is still a competent witness for plaintiff; for, the damages recovered by the tenant for life in the suit would not go to those having the remainder, but to the executors of the particular tenant. The suit is not for the negro himself or his value, but for damages by reason of an injury done to his person. It is precisely such a case as when a tenant for life of real estate brings

an action of waste for damages, and in such cases the remainder-man is a good witness for the plaintiff, and for the very reason that he has no interest in the sum to be recovered. For such a case see Leach v. Thomas, 7 Carr. & Payne, 327, which case is cited as law in note 5 to 1 Greenl. on Ev., 6 edition, sec. 390. At common law a person having the immediate reversion or remainder in property might maintain an action on the case for damages to it, (1 Ch. Pl., 72,) and the tenant for life might at the same time carry on his suit for damages, and the recovery in the one case would not bar a recovery in the other. (Id., 73.) Hence, the remainder-man could have no interest in the fund recovered by the particular tenant. The true test of the interest of a witness is, that he will either gain or lose by the direct legal operation of the judgment, or that the record will be legal evidence for or against him in some other action. (1 Greenl., sec. 390.) Tested by this rule, Butler had no interest in the case to disqualify him.

But let us still admit that the witness was incompetent when first introduced; he was rendered competent by the execution of the release to the plaintiff. The reason given by the court for holding the release insufficient was because it should have been to the persons who would have taken the property bequeathed by item 7 of Stokes' will, had Butler ceased to be a beneficiary under the same. Why a release to these persons would have had such efficacy in passing the interest out of the witness, when no other could do it, I must confess that I am at a loss to discover. It would seem that when a witness had transferred all his interest in the case he would be competent to testify, no matter to whom it went. And that a release to John Doe, if such person existed, in this instance, would have been as good as to the heirs of Stokes. It was not for the court to look where the interest had gone, or whom else it might render incompetent, but to look to him who had originally possessed it, and see whether he had divested himself entirely of it. Stokes' other heirs would probably have preferred that the property should be released to them, and not to Mrs. Clark; but their interests as opposed to the mother were not in controversy here.

*P. Murrah*, for appellee.

MOORE, J.—It is not necessary for us to determine whether Butler, the witness offered by appellant, had such an interest, previous to the release executed by him after he was first rejected by the court, as disqualified him from testifying in the cause. ' If he was previously incompetent, he did not remain so after he executed the release. By it, he parted with whatever interest he had in the suit, or subject matter thereof. He had no longer any interest in it, and when offered as a witness the second time, he should have been permitted by the court to have testified. The witness seems, from the bill of exceptions, to have been excluded by the court upon the hypothesis, that the release was not executed to a party competent to take, or to whom the witness could legally convey. But if the witness had such a certain, immediate or vested interest, as disqualified him from testifying in the cause, what impediment prevented him from disposing. of it to any one he saw fit, or prevented such an one from taking it from him? If he did not have such an interest as would pass by his release, it could only be because there was none vested in him which disqualified him from testifying as a witness. And we are at a loss to perceive upon principle, why the owner of the life estate is denied the right of taking by the release of the remainder-man. Suppose all the parties, who, under the view taken by the court below of their rights, are entitled to vested remainders in the matter in suit, were to join in a release or conveyance of it to the owner of the life estate, would it be inoperative and void ? If so, it must be that they have no certain or tangible interest in the property, such as is susceptible of conveyance. And if all the heirs may join in such conveyance, by what rule are they forbidden from parting with their interest severally ; or what legal principle restrains the owner of the life estate from taking conveyances in severalty from them. It may be said, that as the witness is one of the children of the owner of the life estate, he would upon his mother's death take the same interest that he is now entitled to under the will ; but if she has other children, this is a mistake, for the interest

in remainder which he conveys, would be distributed equally among her heirs, if she died intestate. But if it were so, it would not disqualify him, for he can have no vested or certain interest as an heir in the estate of his mother.

The judgment is reversed and the cause remanded.

Reversed and remanded.