## M. L. LATHAM ET AL. v. JOHN TOMBS.

Decided April 22, 1903.

**1.—Death—Presumption of, from Absence.**

Proof that a person had changed his residence from one State to another, and that he had not been heard of in the former State for a period of seven years, does not raise a presumption of his death within the terms of the statute providing that a person absenting himself beyond seas or elsewhere for seven years successively shall be presumed dead unless proof be made that he was alive during that time, as the statute means that the party must have absented himself from his home. Rev. Stats., arts. 1821, 3372.

**2.—Parties—Necessary Defendant—Practice—Fundamental Error.**

Where in trespass to try title and for partition the evidence developed that a third person owned an interest in the property, the court should, of its own motion, have had him made a party, and the failure to do so was fundamental error.

Appeal from the District Court of Collin. Tried below before Hon. J. E. Dillard.

*Abernathy & Mangum,* for appellants.

*Clifton & Doggett* and *J. M. Pearson,* for appellee.

KEY, ASSOCIATE JUSTICE.—This is an action of trespass to try title and for partition, and judgment was rendered awarding a portion of the land to the plaintiff and appointing commissioners to make partition.

The first assignment of error complains of the action of the court in refusing to dismiss the plaintiff's case and instruct a verdict for the defendant, upon the ground that the testimony developed the fact that Luther Pitts and Daniel Pitts were necessary parties to the suit.

Counsel for appellee urge objections to this assignment, and contend that it is not borne out by the record, and should not be sustained. They concede, however, that if Luther Pitts were living, he should have been made a party to the suit, because he would own an interest in the land, and if he died after 1898, his father, Dave Pitts, would own an interest, and be a necessary party. However, their contention is that the testimony warranted the trial court in finding that Luther Pitts was dead, and that he died prior to 1898. All the testimony on that subject was given by Nancy Bailey, and is stated in appellee's brief as follows:

"I am a half sister of Mary Tombs, who was the daughter of Sallie Latham by a former husband, William Hickman. Sallie Latham was the stepmother of witness Nancy Bailey. The maiden name of Mary Tombs was Mary Hickman. The maiden name of Sallie Latham, the mother of Mary Tombs, was Sallie Thurman. The maiden name of Sallie Hickman, the mother of witness Nancy Bailey, was Sallie Boatwright. William Hickman first married Sallie Boatright, who became Sallie Hickman, and by whom William Hickman was the father of three

children, to wit: Nancy Bailey, the witness; William Hickman and Josephine Hickman. Both Josephine and William Hickman, the half brother and half sister of witness Nancy Bailey, died in 1877. William Hickman died without heirs. Josephine Hickman married a man named Dave Pitts, by whom she had a son named Luther Pitts, and witness did not know whether Dave Pitts or Luther Pitts were living or dead. The last time witness knew anything about Dave or Luther Pitts was when they left Tennessee. At this point the plaintiff offered to prove and did prove, over defendant's objection, by the witness Nancy Bailey, that the father of Luther Pitts carried Luther in 1877 to Alabama. That witness resided in the immediate neighborhood of where the mother of Luther Pitts resided at the time of her death, and from which Luther Pitts was carried to Alabama, for three years immediately afterwards, and that witness resided in the State of Tennessee for twenty-two years after Luther Pitts was carried to Alabama, and that witness frequently received letters and heard from the neighborhood from which the child was taken, all during the time she was in the State of Tennessee, and that during all this twenty-two years she was in the State of Tennessee she never heard a word from Dave Pitts or his son Luther Pitts. That witness came to Texas in 1898. That the child (Luther Pitts) was sick when it left Tennessee. Witness further testified that she and the father of Luther Pitts were not upon good terms and that it was not likely that she would hear from him."

Considering this evidence, in connection with the satutory provisions (articles 1821 and 3372) to the effect that any person absenting himself beyond seas or elsewhere, for seven years successively, shall be presumed to be dead, unless proof be made that he was alive within that time, the contention of appellee is that the court was justified in finding that Luther Pitts was dead, and that he died before 1898.

We can not sanction this contention. While the statute does not expressly so read, we think it must be construed to mean that the person referred to must absent himself from his home, and proof of change of residence from one State to another, and the party not having been heard of in the former State for a period of seven years, does not make a case within the purview of the statute. In order to bring the case at bar within the statute, it should have been shown that Luther Pitts absented himself for seven years successively from his home in Alabama. The testimony shows that he was carried to Alabama and left with his grandmother, and indicates that Alabama became his home. No evidence was offered tending to show that he ever abandoned that home, and no evidence tending to show his death, except the fact that he was a sickly child when he left Tennessee; and the further fact that his relative Nancy Bailey frequently received letters and heard from the neighborhood from which the child was taken in Tennessee, and never heard from either the child or its father. She does not state that she received letters or any other character of information from Alabama, the

home of the child and its father, or that she made any inquiries there or anywhere else to ascertain anything concerning their existence.

We think the evidence was insufficient to support the contention urged. The form of the assignment is immaterial. The error is fundamental in its nature. When the facts referred to concerning the existence of Luther Pitts and his interest in the property sought to be partitioned were developed, it was the duty of the court, of its own motion, to stay the proceedings and require him to be made a party defendant. De la Vega v. League, 64 Texas, 205.

The other questions presented in appellants' brief have been duly considered, and on all of them we rule against the appellants. For the error indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*