SMELSER et al. v. HENRY. (No. 1852.)

(Court of Civil Appeals of Texas. Texarkana.
Nov. 30, 1917. Rehearing Denied
Dec. 20, 1917.)

1. DEEDS ⬅⬤⮕8—INTEREST IN ESTATE DURING LIFETIME OF PERSON.

Where no certificate entitling to land as a headright was issued to a woman previously to 1862, and there was no sale or transfer by her of any such certificate or of an interest therein to her heir, such heir had no right to pass any title from the woman through his deed dated 1854, 1862 being the earliest possible date for the woman's death, since during the lifetime of a person no one can have a vested or certain interest in his estate.

2. EVIDENCE ⬅⬤⮕317(2) — HEARSAY STATEMENTS BY LIVING THIRD PERSONS AS TO THEIR FAMILY CONNECTIONS.

Statements by a living third person concerning himself and family connections are hearsay.

Appeal from District Court, Bowie County; H. F. O'Neal, Judge.

Action by J. H. Smelser and others against W. J. Henry and others. From judgment for defendant Henry, plaintiffs appeal. Judgment affirmed.

The action is by appellants in trespass to try title to 35 acres of land. The defendant pleaded not guilty and the five and ten year statutes of limitation. The defendant Henry is in possession of the land, claiming under a registered deed offered in evidence, but he failed to further sufficiently show limitation requirements. The question alone is whether or not the plaintiffs have shown a legal title in themselves. The court peremptorily instructed a verdict against the plaintiffs.

The chain of title offered by the plaintiffs was by registered conveyances as follows: (1) Patent from the state of Texas to the heirs of Mary Burnsides for about 3,000 acres of land, dated December 16, 1862; (2) warranty deed from Wm. Burnsides to A. R. Moores, dated October 31, 1854, to an undivided interest of 1,540 acres of the Mary Burnsides survey; (3) partition deed between D. L. Hogan, guardian of his minor children Joseph and Betsy Hogan, heirs of Sallie Burnsides, deceased, and A. R. Moores, assignee of Wm. Burnsides, and David Jarrett, locator of the land, dated September 25, 1859; (4) deed of assignment by A. R. Moores to J. B. Donahoe, as assignee, and the said assignee's deed to J. L. Carroll; (5) judgment of court in partition of J. L. Carroll v. M. E. P. & P. Railway Company; (6) deed of J. L. Carroll et al. to J. H. Smelser. In the partition deed between Hogan, Moores, and Jarrett are the recitals:

"Partition of land between the heirs of Mary Burnsides, deceased, to wit: David L. Hogan, guardian of his children Joseph and Betsy Ann Hogan, Anderson R. Moores, assignee of William Burnsides, and David Jarrett, locator of the land, do hereby make partition and division of a tract of land in the name of Mary Burnsides, deceased, for 20 labors of land in Bowie county 12 miles east from Boston, as follows."

Then follows a description of the several tracts of land allotted in such partition to the several parties. In the description of lot No. 3, which was set apart to A. R. Moores, is the following recital:

"Thence south, 2,456 vs. to Smither's S. E. corner on the north line of Joseph and Mary Ann Hogan, minor heirs of Sallie Burnsides, deceased."

The instrument then concludes:

"Now in confirmation of the foregoing division of land the undersigned set their hands and seals this the 27th day of September, A. D. 1859. [Signed] D. L. Hogan, David Jarrett,

A. R. Moores. Witnessed by J. W. Jarrett and S. L. Elliott."

The deed from Carroll et al. to J. H. Smelser conveyed "all our remaining interest in the headright survey, in same county, namely, Mary Burnsides and John Bassett, together with all and singular the rights, members, tenements, and appurtenances thereunto belonging." The plaintiffs' claim is under William Burnsides, A. R. Moores, and through the Carrolls.

J. B. Manning and O. B. Pirkey, both of New Boston, for appellants. Wheeler & Wheeler and N. L. Dalby, all of Texarkana, for appellee.

LEVY, J. (after stating the facts as above). [1] The first deed in the chain of title offered by the plaintiff was that of William Burnsides to A. R. Moores, dated in 1854, and the next was that of a partition deed between Hogan, as guardian, and A. R. Moores and Jarrett, dated September, 1859, and the patent from the state to the land was not issued until December, 1862, and then to the heirs of Mary Burnsides. There being no evidence in the record of a previously issued certificate entitling Mary Burnsides to land as a headright, and of a sale or transfer by her of the certificate or of an interest therein to William Burnsides, there is failure of any right in William Burnsides to pass any title through his deed from Mary Burnsides. And as during the lifetime of a person no one can have a vested or certain interest in his estate (Clark v. Railway Co., 27 Tex. 100), it may not be said from the record here that the deed of William Burnsides in 1854, and of Hogan, as guardian, and Moores in 1859, passed, in the character of heirs, an interest in the Mary Burnsides estate. For from the record here it may not be said that Mary Burnsides died before 1862. The evidence in the record even challenges the inference of her death in 1862, for the witness Kinney testified:

"I came here with my stepfather in 1863, and I have lived in that country ever since. I don't know whether William Burnsides is living or dead, and I don't know whether Hogan is living or dead. Mary Burnsides was not dead at that time; I don't know when she died."

And there is no evidence going to show that William Burnsides was a son or heir of Mary Burnsides so as to pass any after-acquired title in virtue of his warranty deed in 1854. It is believed that the court did not err in giving a peremptory instruction, and the assignments are overruled.

[2] In order for the testimony of the witness Kinney, as complained of in bill of exception No. 1, to be admissible as evidence, it must appear that the declarant Burnsides is dead. 1 Greenleaf on Evid. § 114b; 16 Cyc. 1231; Wallace v. Howard, 30 S. W. 711. For statements by a living third person concerning himself and family connections are hearsay. Nehring v. McMurrain et al., 46 S. W. 369. And a presumption of the death of William Burnsides and Hogan may not be predicated, it is believed, upon the evidence in the record. Latham v. Toombs, 32 Tex. Civ. App. 270, 73 S. W. 1060; Wells v. Margraves, 164 S. W. 881.

The judgment is affirmed.

⬦=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes