## AMERICAN NAT. INS. CO. v. GARCIA.

No. 8699.

Court of Civil Appeals of Texas. San Antonio.

Dec. 16, 1931.

Rehearing Denied March 4, 1932.

See, also, 32 S.W.(2d) 880.

Carter & Carter, of San Antonio, for appellant.

G. Woodson Morris, of San Antonio, for appellee.

FLY, C. J.

Appellee sought a judgment against appellant on a policy on the life of her husband, Anacleto G. Garcia, deceased, in the sum of $500. The jury returned a verdict for $375 as attorney's fees, and judgment for $935 was rendered by the county court in favor of appellee, being for the amount of the policy, penalties, and attorney's fees. The defense was that Anacleto G. Garcia was not dead. That issue was not submitted to the jury. The jury found that the deceased had gone to Mexico in 1922 and had not returned.

The court submitted to the jury three issues, first, as to whether Anacleto Garcia left San Antonio with the intention of establishing a home in Mexico; second, did he establish a home in Torreon, Mexico? and, third, what was a reasonable fee? The question as to the seven years' absence under circumstances sufficient to raise a presumption of death was not submitted to the jury, but it was assumed as a matter of law that the facts had raised the presumption of death.

■ Mere absence from a former residence for a period of years, or ten or twenty years, would not create the presumption of death. It was the common-law rule that an absence from a place of residence for seven years, without being heard from, will create a presumption of death, and that rule has been embodied in article 5541, Revised Statutes of Texas.

■ Garcia was in Torreon in the latter part of August or first part of September, 1922, after having been absent from his home in San Antonio over four months, when heard from in Torreon. The statute contemplates that there must be a continuous seven years' period of absence from the established home. No such period was established by the evidence, but, on the other hand, appellee admitted receiving a letter from her husband about four months after he left San Antonio, where he resided with his family. There are indications in the record that this suit was filed before the expiration of seven years from the departure of Garcia from San Antonio, and it is certain that it was filed in less than seven years from the time when he was last heard from in Torreon. The statute says: "Any person absenting himself for seven years successively, shall be presumed to be dead, unless proof be made that he was alive in that time. * * *" This case was fully discussed on a former appeal of this case, 32 S.W.(2d) 880. That decision is fully supported by Texas cases cited therein, and is the rule stated in Texas Jurisprudence, vol. 13, pp. 516 to 518, §§ 3 and 4.

■■ There is no material difference in the evidence on the last trial and that trial in which the judgment was rendered, and from which the former appeal was perfected. The trial court assumed to say as a matter of law that the presumption of death would prevail. The evidence failed to show that Anacleto Garcia was absent from Torreon for any length of time without being heard from, and

the presumption is that he was still living in Torreon. It was not necessary that he establish a home in Torreòn. The absence contemplated by the common law and the statute did not complicate the matter with the founding of a home, as the trial court seems to have contemplated. The court invaded the province of the jury when it was assumed that the evidence showed without contradiction an absence of seven years without being heard from. The uncontroverted evidence showed that Garcia had been heard from, and, so far as is shown, is in Mexico up to the present time. There is nothing to indicate that the evidence in this case can be added to or improved, as nothing of importance has been discovered since the last appeal. It would be useless to give appellee another opportunity to make out a case.

The judgment is reversed, and judgment is here rendered that Mrs. Garcia take nothing by her suit and pay all costs herein incurred.