**JERNIGAN v. PEYTON PACKING CO., Inc.**

**No. 3191.**

Court of Civil Appeals of Texas. El Paso.
May 16, 1935.

Wm. E. Clayton and Ernest Guinn, both of El Paso, for plaintiff in error.

J. W. Morrow, of El Paso, for defendant in error.

PELPHREY, Chief Justice.

On or about September 7, 1932, plaintiff in error and J. C. Peyton, of defendant in error company, had some negotiations relative to the purchase of a car load of calves by defendant in error from plaintiff in error. It is undisputed that the calves were to be milk fat, according to samples then in the pens of defendant in error, and to be weighed in dry at the point of delivery. The price agreed on was 4½ cents per pound.

On or about September 22, 1932, while the calves were being brought from the cars in Juarez, Mexico, to the plant of defendant in error, they stampeded through the Rio Grande river and at least a part of them drank water therefrom.

Defendant in error, upon the calves being tendered, refused to accept them, and plaintiff in error sold them for 3⁹⁄₁₀ cents per pound to other parties.

This suit was filed in the justice court seeking to recover $160.74, being the difference between the contract price and the price at which the calves were sold and the cost of feeding them between the refusal and sale.

Four special issues were submitted to the jury, viz.:

"Question No. 1: Do you find, from a preponderance of the evidence that on or about the 10th day of September, 1932, the plaintiff and the defendant entered into an agreement whereby the plaintiff was to deliver to the defendant, at El Paso, Texas, a carload of milk fat calves, according to samples then and there agreed upon, to be weighed in dry at the point of delivery?"

"Question No. 2: Do you find, from a preponderance of the evidence that the plaintiff, on or about the 2nd day of September, 1932, tendered to defendant a carload of calves of the kind, quality and condition agreed upon on the 10th day of September, 1932, if said parties entered into such agreement?"

"Question No. 3: Do you find, from a preponderance of the evidence that such cattle so tendered by the plaintiff on September 22nd, 1932, if he did so tender the same, were tendered dry at the point of delivery?"

"Question No. 4: What do you find, from a preponderance of the evidence, was the market value of milk fat calves in the vicinity of El Paso, Texas, on the 22nd day of September, 1932?"

The jury answered the first two in the affirmative, the third one in the negative, and the fourth, "Three and one-half cents per pound."

With these findings as a basis, the court rendered judgment that plaintiff in error take nothing. From that judgment, he has appealed.

Opinion.

Plaintiff in error's contentions are: (1) That it being undisputed and the jury having found that he tendered to defendant in error calves of the kind, quality, and condition agreed upon and that defendant in error refused to accept the calves tendered, the court should have instructed a verdict in his favor and disregarded the further finding of the jury that the calves were not tendered dry at the point of delivery; and (2) that there was such a conflict between the findings on issues Nos. 2 and 3 as no judgment could be rendered.

With the latter contention we agree. "Dry at the point of delivery," according to the testimony, meant that they had not been watered for a period of twelve hours. While it is true that defendant in error wanted the calves to be dry only for the purpose of determining their weight, yet it was certainly a condition of the calves at that time and one specified in the agreement.

We are of the opinion that being dry at point of delivery was a condition of the cattle which fell within the terms of question No. 2, and that, therefore, there is such a conflict between the finding of the jury as to that issue and in answer to question No. 3 that no judgment could be based thereon.

The judgment, for that reason, must be reversed and the cause remanded, and it is so ordered.