## BUENROSTRO v. AMERICAN NAT. INS. CO.

### No. 10013.

Court of Civil Appeals of Texas.
San Antonio.

May 12, 1937.

Frank Alvarado, of San Antonio, for appellant.

Claud J. Carter, of San Antonio, for appellee.

MURRAY, Justice.

Appellant, Josefa R. Buenrostro, instituted this suit against appellee, American National Insurance Company, seeking to recover as beneficiary on an insurance policy for $70; the insured being Apolinar Morin Ortega. It was alleged that the insured had been absent for more than seven years, and article 5541, R.C.S.1925, was relied upon as creating a presumption of death under the facts in the case.

A trial was had in the justice's court, and on appeal a trial de novo was had in the county court at law No. 1, of Bexar county, before the judge, without the intervention of a jury. Judgment was ren-dered that plaintiff take nothing. Hence this appeal.

The trial judge made and filed the following findings of fact:

"I find that on June 25, 1923, the defendant American National Ins. Co., of Galveston, Texas, issued and delivered its policy of insurance to Apolinar Morin Ortega, and the plaintiff was named beneficiary, stated in policy to be cousin of the insured. The weekly premiums were paid and the policy was in force and effect at the time of the filing of the suit in the Justice Court upon the policy, and at the time it was heard in this Court, the policy being for the amount of $70.00.

"I find that the said Apolinar Morin Ortega, was an unmarried female, born of Mexican parentage in Monterey N. L. Mexico in 1869, she was a citizen of Mexico, never having been naturalized in the United States and lived here only three or four years all told: In June, 1924, the insured purchased a railroad ticket from San Antonio, Texas, to San Luis Potosi, Mexico, and the plaintiff took her to the depot in San Antonio, Texas, where she took passage for Mexico. The insured stated to the plaintiff that she expected to return within a few months. She took with her all her belongings, such as wearing apparel and clothing. She left no property in Texas and owned none, real or personal. She was in good health when she left. Plaintiff claims that she has not heard from her since she went to Mexico, and she has written to Chief of Police, at San Luis Potosi, but no answers. I find that the said insured went to her home and native land of Mexico, and the evidence is entirely insufficient to warrant the presumption of death. It is more reasonable from the evidence, that she returned to her native land where she had lived all of her life, except the few years she was here in San Antonio, Texas, and I find that the evidence is insufficient to raise the presumption of death of seven years absence. I conclude as a matter of fact plaintiff has failed to bring her case within the Statute, hence I found for the defendant, on February 3, 1936."

The findings of fact are supported by the evidence, and the court below did not err in failing to make the additional findings requested by appellant.

█ Appellant was the only witness called to the witness stand by either side.

Her testimony is somewhat contradictory, but in passing upon the sufficiency of the evidence to support the judgment we need only to consider such testimony as is favorable to the findings. Appellant testified on cross-examination in part as follows:

"Q. Were you with her at the time she left San Antonio to go to Mexico? A. Yes, she was with me.

"Q. How did she leave?—by train,— did she go on a train? A. Yes, sir.

"Q. Did you see her get on the train? A. Yes, sir, we went to the station with her.

"Q. And she bought a ticket that entitled her to a passage from San Antonio to San Luis Potosi, Mexico? A. Yes, she bought a ticket to San Luis Potosi.

"Q. She arrived at San Luis Potosi at that time? A. I don't know. We never knew anything about her.

"Q. Who was she going to visit in Mexico? A. I don't know,—some friends she had there.

"Q. She had relatives there, didn't she? A. No.

"Q. Do you know the names of the friends that she was going to visit? A. No. She had left there,—I didn't know her friends,—I had never lived there.

"Q. She had lived in Mexico before she came to San Antonio, hadn't she? A. Yes, she was living in San Luis,—not in the City of Mexico.

"Q. She was born in the Republic of Mexico, wasn't she? A. Yes, sir.

"Q. How long had she been in this country before she went back to Mexico? A. About three years.

"Q. She was just visiting over here, wasn't she? A. Yes, sir."

 Here we have the appellant testifying that the insured was visiting in San Antonio, and in effect had returned to her home in Old Mexico, and no word had come from her to appellant for some ten years. This testimony, coupled with the other facts in this case, is insufficient to meet the requirements of article 5541, .R.C.S.1925, and create a presumption of death. American National Ins. Co. v. Garcia (Tex.Civ.App.) 46 S.W.(2d) 1011; Id. (Tex.Civ.App.) 32 S.W.(2d) 880; Garcia v. American National Ins. Co., 124 Tex. 466, 78 S.W.(2d) 170.

In Latham v. Tombs, 32 Tex.Civ. App. 270, 73 S.W. 1060, the court said: "While the statute does not expressly so read, we think it must be construed to mean that the person referred to must absent himself from his home."

The court was discussing a prior statute, but we think the same construction should be placed upon the present statute.

The trial court properly found that the insured's home was in Mexico, and the evidence only shows that after a few years' visit in San Antonio she returned to her home in Mexico.

We find no error in the record, and the judgment will be affirmed.