## HATTIE HOUSE ET AL. v. ISAAC WILLIAMS ET AL.

### Decided April 28, 1897.

**1. Adverse Possession—Community Property After Divorce.**

The possession by the husband, after divorce, of community property purchased during the marriage, would, in the absence of proof that it was bought with his separate means, be that of a cotenant with his former wife, and not adverse, unless he repudiated her rights as cotenant, and such repudiation was with her actual knowledge, or so notorious as to authorize presumption thereof. Charges on limitation in such case should present these principles.

**2. Same—Recognition of Cotenant's Rights.**

If, at any time after dissolution of the marriage, such former husband, though previously holding in hostility, recognized his cotenant's rights, his possession ceased to be adverse, and limitation did not begin to run until he again repudiated her right notoriously, or with her knowledge.

**3. Community Property—Not Forfeited by Misconduct.**

In a suit by the divorced wife to recover, not her homestead rights, but her community interest in the homestead, it was improper to admit in evidence the husband's petition charging her with adultery as ground for the divorce, since no misconduct would divest her of her community interest in the land.

**4. Estoppel—Adverse Possession—Evidence.**

A conveyance by the husband to a third party, since the wife did not claim under it, did not estop him from claiming the land as against her; but it could be considered by the jury in determining whether his possession was adverse to the wife.

APPEAL from Milam. Tried below before Hon. W. G. TALIAFERRO.

*W. A. Morrison,* for appellants.—The presumption of law is that land purchased during coverture is community property, and after the granting of a divorce, if there has been no division of the community property, the divorced spouses stand in relation to one another as tenants in common, and no limitation will run in favor of one tenant in common in possession against his cotenant until after notice that the possession is adverse is brought home to him. Sayles' Civ. Stats., art. 2852; Kirkwood v. Domnau, 80 Texas, 645; Moody v. Butler, 63 Texas, 210; Phillipson v. Flynn, 83 Texas, 580; Gray v. Thomas, 83 Texas, 246; Whetstone v. Coffee, 48 Texas, 269.

In order to show that land purchased during coverture is the separate property of the husband, the proof must be clear and unequivocal that his separate means went into the identical land claimed.

When two separate and distinct defenses are urged to a suit, the court should instruct the jury if they find either to be true, to state which one.

Limitation will not begin to run against a cause of action, which has

been concealed by the fraudulent act of the party who seeks to invoke its protection, until such time as the party sought to be barred discovered such concealment or fraud, or by the use of ordinary diligence could have made such discovery. Traer v. Clews, 115 U. S., 528; 13 Am. & Eng. Encyc. of Law, 680.

The court erred in refusing to give in charge to the jury the special charge number 3 asked by the plaintiff, because the court nowhere instructed the jury that a recognition of the rights of plaintiff by said defendant Williams, or a promise by him to her to divide said property with her at any time within ten years before filing of this suit would prevent her cause of action from being barred by limitation, because the plaintiff testified that said defendant had so recognized her rights and had promised to divide said property with her, and she had a right to have that issue submitted to the jury, and it was error in the court to refuse same. Munson v. Hallowell, 26 Texas, 475; Bailey v. Glover, 21 Wall., 342; Kirby v. Railway, 120 U. S., 130.

The court erred in that part of his charge to the jury in which the jury is instructed as follows: "But direct notice of such adverse possession need not be brought home to the party, but the jury may presume such notice if they believe the facts and circumstances of the case may warrant it," because said charge is not the law of the case, and it did not tell the jury what facts would be sufficient to warrant them in "presuming" the existence of another fact, that of adverse holding by defendant.

When a party has solemnly admitted a fact by deed, he is estopped not only from denying the deed itself, but every fact which it recites. Parker v. Campbell, 21 Texas, 763; Kimbro v. Hamilton, 28 Texas, 561; Brackenridge v. Howth, 64 Texas, 190; Stallings v. Hullum, 89 Texas, 431; Irion v. Mills, 41 Texas, 310.

A charge of adultery can not be proven alone by the reckless allegations contained in the petition in another suit from the one on trial.

*W. T. Hefley* and *Spencer Ford,* for appellees.—Appellees held adverse possession of the premises sued for for such length of time and by such notorious and unequivocal acts of exclusive and adverse possession and ownership that notice by appellants of the claim of such exclusive and adverse possession and ownership will be presumed. Phillipson v. Flynn, 83 Texas, 581; Jackson v. Tibbits, 9 Cow., 240.

The defendant Williams was in continuous adverse possession of this property for more than ten years from April, 1883, the date of the divorce.

Whether or not special issues shall be submitted to the jury is a matter of discretion of the court, and a failure to submit them, if ever a ground for reversal, would be so only when it is made clearly to appear that the court had abused that discretion. Neil v. Cody, 26 Texas, 291; Boaz v. Schneider, 69 Texas, 128; Railway v. Miller, 79 Texas, 84.

Not having asked a charge supplying the supposed omission, com-

plainant can not now be heard that it was not given. Cockrill v. Cox, 65 Texas, 676; Ins. Co. v. Jefferson Ice Co., 64 Texas, 583; Harrell v. Houston, 66 Texas, 280.

The first special charge asked by plaintiff was properly refused, because it sought to raise before the jury an issue of fraudulent concealment by defendant Williams of a cause of action of plaintiff, when the evidence did not raise any such issue.

Notice may be shown by evidence of that fact; that is, by the facts and circumstances of the case. And it is not error to charge that the jury may find that plaintiff had notice, if they believed the facts and circumstances in evidence warranted it; but a charge specifying "what facts would be sufficient to warrant" such finding, would be a charge upon the weight of the evidence. Stooksberry v. Swan, 85 Texas, 571.

Neither plaintiff nor defendant Williams claimed under the deeds from Williams to Bailey, and plaintiff is a stranger to said deeds, and therefore no question of estoppel arises here. Deeds operate as estoppels only between parties to them and privies. Williams v. Chandler, 25 Texas, 11; Linney v. Wood, 66 Texas, 28.

It was not error to charge the jury that if the facts in evidence showed that the property in suit was paid for with the separate means of Williams, or if he had held adverse possession of it for a period of ten years prior to the institution of suit, under such circumstances as would vest title in Williams under the ten years statute of limitation, to find for defendants, because there was no controversy between the defendants; and if there was any error in such charge it is not one that appellant can complain of, because if she could not recover herself it could not be material to her whether one or both of the defendants recovered, and neither of defendants complain of it.

KEY, ASSOCIATE JUSTICE.—Hattie House and her husband brought this suit against Isaac Williams and Andrew J. Bailey, in trespass to try title and to partition certain real estate. The plaintiffs alleged and proved, that Hattie House and Isaac Williams were married to each other in 1878; that Isaac Williams purchased the property in controversy after said marriage, and that in April, 1883, at the suit of Williams, a judgment of divorce was rendered dissolving the bonds of matrimony between them, but not disposing of the property rights of the parties.

The defendants in this suit each pleaded a general denial, not guilty, and the ten years statute of limitation, and the defendant Williams pleaded that the land in question was paid for with money owned by him at the time of his marriage to the plaintiff, and was his separate property.

The court instructed the jury, if they believed from the evidence that the property sued for was acquired during the marriage of the plaintiff and the defendant Williams, to find for the plaintiff a one-half interest therein, unless they believed from the testimony that the defendant Williams purchased the property with money owned by him at the time

of his marriage with the paintiff, or that the plaintiff was barred by the statute of limitation. The charge then instructs the jury as to the plaintiff's right to recover rents if she should recover half the land; and to find for the defendant if they believed that the property sued for was paid for with money owned by Williams at the time he and the plaintiff were married.

Proceeding with the subject of limitation, the charge reads as follows: "The possession of one joint owner or tenant in common would be the possession of the other, and the statutes of limitation would not begin to run unless such possession was open, notorious, exclusive, and adverse. Mere possession in such case would not be sufficient notice to constitute an adverse holding, but direct notice of such adverse possession need not be brought home to the party, but the jury may presume such notice if they believe the facts and circumstances of the case may warrant it. If you believe from the evidence that the defendant, Ike Williams, in person or by tenant, has held actual, open, notorious, exclusive, and adverse possession of the property sued for, as above explained, for ten years or more before the institution of this suit, you will find for the defendants."

This charge is defective, in that it fails to tell the jury that if Williams did not pay for the property with his separate means, the plaintiff, his former wife, was a joint owner or tenant in common with him; and it is defective and misleading, in that it omits to state, as part of the law on the subject, that possession of a tenant in common would not be adverse possession as against his cotenant, unless he repudiated the right of such cotenant and the latter had notice of such repudiation or adverse holding. In order to put the statute of limitation in operation, the cotenant not in possession must have actual knowledge of the fact that the cotenant in possession is disputing his right to the property, or such cotenant's possession and assertion of hostile claim must be so notorious as to authorize the presumption that the other joint owner has knowledge thereof. Moody v. Butler, 63 Texas, 210; Alexander v. Kennedy, 19 Texas, 496; Phillipson v. Flynn, 83 Texas, 580.

Appellants' counsel asked a charge on this subject which stated the law much more clearly than the charge given by the court, though it should have been qualified by stating to the jury under what circumstances it would not be necessary to show that the plaintiff had actual notice of the defendant's adverse and hostile possession.

We also think the court should have charged on the subject embraced in the third special charge asked by appellants. If at any time after the dissolution of the marriage Williams recognized the plaintiff's right in the property, then, no matter how hostile his possession may have been up to the time of such recognition, it then ceased to be adverse possession, and the statute of limitation would not begin to run until he again repudiated her right and she had notice, or such repudiation was so notorious as to raise the presumption of notice thereof.

The court admitted in evidence, over appellants' objection, what pur-

ported to be a substituted original petition in the divorce suit referred to, in which petition the defendant herein charged the plaintiff with adultery.

We see no reason why this evidence was admitted, and can readily see that it may have prejudiced the jury against the plaintiff. It is true that the plaintiff asserted in her petition that part of the property involved was the homestead of herself and the defendant Williams at the time the divorce was granted, and Williams in his answer alleged that she had abandoned him, committed adultery, and thereby lost her homestead rights. But the plaintiff's petition in this cause shows that she has married again, and she does not ask to recover the property as a homestead, but only to recover her community interest therein, and the court submitted no issue as to homestead to the jury. So it appears that the question of homestead was not in fact in the case. And if it is proper to hold that, because the judgment of divorce was rendered upon a petition charging the plaintiff with adultery, such judgment and petition tend to show that she was guilty of adultery, the question still remains, did the defendant have the right in this case to prove that the plaintiff was an adulteress? And this question must, we think, be answered in the negative. If it be conceded that adultery and abandonment will deprive the wife of her homestead right in the separate property of her husband, it does not follow that such misconduct will divest the wife of her own title, separate or community, to property. When title to real estate is once vested in either husband or wife, sin against God or man will not have the effect of divesting such spouse of title and vesting it in the other.

Before beginning the divorce suit the defendant Williams conveyed the land in question to his codefendant, Bailey. Williams testified that Bailey paid him the cash consideration recited in the deed, and that he delivered the deed to Bailey. Bailey testified that the deed was not delivered to him, that he paid no consideration for the land, and set up no claim to it. The court instructed the jury that this deed was void and should not be considered by them in determining the rights of the parties. Appellants, assigning this charge as error, claim that Williams was estopped by this deed from claiming the land.

As appellants do not claim under Bailey, we do not think they can invoke the doctrine of estoppel. But we do think that the execution of this deed and the testimony of Williams concerning its delivery were matters for the consideration of the jury in determining whether or not Williams had been in adverse possession of the property.

We do not pass upon the assignments asserting that the verdict and judgment are not supported by the testimony; but upon all other questions not discussed in this opinion we rule against appellants.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*