Colonial and United States Mortgage Company, Limited, et al. v. John Thedford et al.

Decided May 6, 1899.

**Evidence—Transaction with Decedent—Officer of Corporation.**

In an action between a loan corporation and the heirs of a deceased borrower, the manager of the corporation is not inhibited by article 2302, Revised Statutes, from testifying as to conversations had by him with such borrower, since the statute excludes the testimony of parties only, and not of their agent.

Appeal from Denton. Tried below before Hon. D. E. Barrett.

*E. C. Smith* and *Holloway & Holloway*, for appellants.

HUNTER, Associate Justice.—This suit was brought by Sarah A. Thedford to set aside a conveyance dated December 27, 1888, purporting to have been made by herself and her deceased husband to Brook Beall, of eighty acres of land in Denton County, and their homestead at the time, upon the ground that her name had been forged to the deed, and also to set aside a mortgage which Brook Beall had executed thereon to the appellant January 17, 1889, to secure the payment of $1000 which had been loaned by appellant to said Beall, Beall having reconveyed the land to Thedford on May 29, 1889. During the pendency of the suit Mrs. Thedford died, leaving four adult children, two sons and two daughters, the daughters being married. All were made parties plaintiff, and the suit was prosecuted to judgment by these children and only heirs.

On the trial of the cause Mrs. Thedford's evidence was read from a deposition, and she denied executing the deed to Brook Beall or ever having acknowledged it, and evidence was offered to corroborate and sustain her testimony. The notary public testified by deposition that the certificate of acknowledgment to the deed was made by him and was correct, and that he explained the deed to her and took her privy acknowledgment thereof, and that she signed it by making her mark—he writing her name to the deed at her request.

Appellant also offered to prove by J. W. Ridge, its general manager, that: "In April, 1893, I went to see Mrs. Sarah A. Thedford, having just learned that some question was made as to the validity of our loan. I had a talk with Mrs. Thedford, and she then told me that she had paid the interest on the loan which was due November 1, 1892. She said that she knew of there being a loan upon the place, and paid the interest on it. She also said in the same conversation that she and her husband

had make a deed to her son for the purpose of getting a loan, but that she knew that deed did not go through; that it was not accepted, and that the loan was not made. She claimed at the same time that she thought our loan was on the same land deeded to her son." The land deeded to her son was only forty acres of the survey.

This evidence was objected to upon the ground that "it was a transaction with the original plaintiff, who was now dead; that J. W. Ridge was at the time of said conversation the manager of the defendant company, and stood in the place of the company and occupied the position of a party to the suit, and consequently is disqualified under the statute from testifying to such a conversation with the deceased." It was admitted that Mr. Ridge was at the time of the conversation general manager of the appellant company, which is a corporation, and continued to be down to the time of testifying, and was then. The court sustained this objection, excluded the evidence, and error is assigned on this ruling of the court.

We think the evidence was admissible, and that the court erred in excluding it. Our statute provides: "In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate, or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent." Sayles' Civ. Stats., art. 2302.

It will be observed that the statute only excludes parties to the suit, not their officers, agents, or attorneys; and while corporations can act only through their officers, agents, and attorneys, yet in the absence of a statute prohibiting them from testifying in such cases, it is error to exclude their testimony. Indeed, we can see no more reason for excluding their evidence than there is for excluding that of an agent or attorney of a private individual who might have made the contract for his principal with the deceased, or have had the conversation with him sought to be established. Mr. Ridge was not a party to the action, and his evidence should have been admitted. Lomax v. Marlow, 38 S. W. Rep., 228; Snyder v. Fielder, 139 U. S., 479; Book 35, Law. Ed., 218; Grange W. Assn. v. Owen, 86 Tenn.; 355, 7 S. W. Rep., 457, 460; Cody v. Bank, (Ga.), 30 S. E. Rep., 281; Fidelity & C. Co. v. Goff (Ky.), 30 S. W. Rep., 626.

For the error in excluding this evidence, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*