## WILLIAMS v. FARMERS' NAT. BANK OF STEPHENVILLE. (No. 8778.)

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 12, 1918. Rehearing Denied Feb. 16, 1918.)

1. HUSBAND AND WIFE ⬤⇒169(1)—AUTHORITY OF WIFE—ABANDONED WIFE.

An abandoned wife may mortgage her separate estate.

2. HUSBAND AND WIFE ⬤⇒304—"ABANDONMENT OF WIFE."

The sentence of a husband to the penitentiary is equivalent to the abandonment of a wife.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Abandonment.]

3. HOMESTEAD ⬤⇒110—CONVEYANCES—ABANDONED WIFE.

An abandoned wife, without minor children or single daughters living with her, or other constituent members of a family, may mortgage her homestead.

4. WITNESSES ⬤⇒164(3) — COMPETENCY — "TRANSACTIONS WITH DECEDENT."

Testimony that decedent was the person who signed note in suit is not testimony as to a transaction with the decedent within Vernon's Sayles' Ann. Civ. St. 1914, art. 3690.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Transaction.]

5. WITNESSES ⬤⇒144(13) — COMPETENCY — TRANSACTIONS WITH DECEDENT — AGENT OF CORPORATION.

Vernon's Sayles' Ann. Civ. St. 1914, art. 3690, forbidding a survivor as against a personal representative to testify as to transactions with the decedent, does not apply to agents of a corporation with whom decedent had business relations, even though the business was transacted wholly through the agent.

6. HUSBAND AND WIFE ⬤⇒85(1) — NOTES—VALIDITY—NECESSARIES.

A note executed by an abandoned wife stands on the same footing as if it was executed for necessaries, where the proceeds were used in the purchase of necessaries.

Appeal from District Court, Erath County; J. B. Keith, Judge.

Action by the Farmers' National Bank of Stephenville against Mrs. Pearl Williams, administratrix. From a judgment for plaintiff, defendant appeals. Affirmed.

W. W. Moores, of Stephenville, for appellant. Chandler & Pannell, of Stephenville, for appellee.

BUCK, J. This was an action by appellee to recover of the appellant on three promissory notes in the sum of $186.15 each, of date November 19, 1915, executed by Mrs. N. C. Burkett and Albert and G. Burkett. To secure the payment of said notes, Mrs. Burkett and her two sons executed a deed of trust upon 228½ acres of land upon which Mrs. Burkett and her son Albert lived at the time,

and also executed a chattel mortgage upon certain personal property. Prior to the execution of these notes and deed of trust, Mrs. Burkett had been married to one Ike Danley. After living with him a short time and after having removed from the homestead belonging to the community estate of herself and deceased former husband, Calvin Burkett, and because of Danley's drunkenness and his threats to kill her, Mrs. Danley returned to the old home with her youngest son, Albert, who became of age prior to the execution of the notes and deed of trust. The money secured on the notes was used for the purchase of necessaries and the payment of taxes on this home. Subsequent to the separation, Danley was convicted of and served a sentence in the penitentiary for a felony. The officers of the appellant bank did not know that Mrs. Burkett had been married to Danley at the time she executed the notes and deed of trust, and believed that she was in fact still the widow of Calvin Burkett. She signed the said instruments in her name as Mrs. N. C. Burkett. Subsequent to execution of the notes, Mrs. Burkett, or Mrs. Danley, died. Suit was brought on these notes, and plaintiff asked for a foreclosure of the deed of trust lien and the chattel mortgage lien. Mrs. Pearl Williams, appellant here, had been appointed administratrix of the estate of her mother, Mrs. Burkett, or Mrs. Danley, and was made defendant in this suit. W. Chamberlin, Sr., and W. Chamberlin, Jr., and F. A. Chamberlin intervened in this suit, predicating their cause of action on indebtedness alleged to have been incurred by Mrs. Danley in the sum of $800, and asked for a foreclosure of the chattel mortgage on certain personal property and deed of trust on the same land covered by the mortgage to the bank; this foreclosure, however, to be subject to that of the bank. They alleged that the indebtedness was incurred for necessaries.

Defendant pleaded the coverture of Mrs. Danley at the time of the execution of these notes and obligations, the failure of her husband to join in the same, that the acknowledgment on the part of Mrs. Burkett, or Mrs. Danley, was not in form as required under the law for a married woman, and further pleaded that the land and premises upon which the deeds of trust had been given was at the time of the execution of the same the homestead of Mrs. Danley, formerly Mrs. Burkett, and therefore the mortgage fixed no lien upon said land. The cause was tried before the court without a jury, and judgment was rendered for the plaintiff and the interveners, and a foreclosure on Mrs. Burkett's interest in the 228½ acres was decreed, from which judgment the defendant has appealed.

[1-3] Appellant's first assignment of error urges that the court committed error in permitting the introduction of the notes in ques-

tion, because at the time of the execution of the same, Mrs. Danley, formerly Mrs. Burkett, was a married woman, and that the notes were void because she was not joined therein by her husband. The second assignment is directed to the foreclosure of the deeds of trust executed upon the 228½ acres, because, it is insisted, the evidence showed that said premises were the homestead of Mrs. Danley, or Mrs. Burkett. These two assignments we will discuss together. In order to reach a proper conclusion with reference to the questions here presented, it will be necessary for us to decide: (1) May an abandoned wife mortgage her separate estate? (2) Was Mrs. Burkett an abandoned wife? (3) Did the premises constitute the homestead of Mrs. Burkett at the time of the execution of these notes? (4) May an abandoned wife, without minor children or single daughters living with her, or other constituent members of a family, mortgage her homestead under such circumstances?

In Slator v. Neal, 64 Tex. 222, it is held that the sentence of a husband to the penitentiary is equivalent to the abandonment of the wife, and she may dispose of her community property as a feme sole. In Hector v. Knox, 63 Tex. 613, it is held even though the property be a homestead it may be conveyed by an abandoned life. In Mabry v. Lumber Co., 47 Tex. Civ. App. 443, 105 S. W. 1156, writ denied, this court held that an abandoned wife might incumber her homestead situated on her separate property. A wife, having authority by reason of the husband's abandonment of her to bind the community estate for necessaries, can execute a valid mortgage thereon for debts theretofore incurred for necessaries. Fermier v. Brannan et al., 21 Tex. Civ. App. 543, 53 S. W. 699. In Grothaus v. De Lopez, 57 Tex. 670, it is held the surviving widow, occupying with her children her homestead in which she had at least a community interest and upon which she executed a deed of trust, conveyed thereby her interest in said homestead. See Shannon v. Gray, 59 Tex. 251; Barrett v. Eastham, 28 Tex. Civ. App. 189, 67 S. W. 199; Ashe v. Yungst, 65 Tex. 636. The evidence discloses that the two sons of Mrs. Burkett were over 21 years of age, and that the daughter was married at the time of the execution of the notes to the bank. It is decided in Givens v. Hudson, 64 Tex. 471, that a family cannot be constituted by adult descendants other than unmarried daughters remaining with the family of deceased. In Harle v. Richards, 78 Tex. 86, 14 S. W. 257, after the death of a husband the widow and the son executed a mortgage on their interest in the residence; it was held that in a suit to foreclose the mortgage their interest in the residence homestead was subject to sale, under foreclosure, subject to the right of the widow and minor children to occupy it. See, also, Lee v. British Mtg. Co., 61 S. W. 138. From the above-cited authorities, and many others might be mentioned, we are of the opinion that Nos. 1, 2, and 4 of the questions above suggested as being raised by these two assignments must be answered in the affirmative, and in favor of a judgment. See Speer's Law of Marital Rights in Texas, § 202. Question 3 then becomes immaterial.

[4, 5] Under the third assignment, it is claimed the court erred in admitting, over objection of defendant, the testimony of W. H. Frey, president of plaintiff bank, to the effect that Mrs. N. C. Burkett was the person who signed the notes and deed of trust sued on herein. We are of the opinion that such testimony would not be with reference to a "transaction" with decedent, as that term is used in article 3690, V. S. Tex. Civ. Stats. Martin v. McAdams, 87 Tex. 225, 27 S. W. 255. But even if the matter of identification of Mrs. Burkett with the person who executed the notes and deed of trust should properly be held a "transaction," yet the objection must be overruled, because it has been held a number of times that the article in question does not apply to the agents of a corporation, or even to the agents of a natural person. In Saunders' Ex'rs v. Weekes et al., 55 S. W. 33, it is held that Revised Statutes, art. 2302 (now article 3690), forbidding either party to any action against the executors to testify as to any transaction with the deceased unless called by the opposite party, cannot be extended so as to include the agent of such party to a suit against executor, although the transaction sought to be established was done entirely by the deceased and the agent. In Mortgage Co. v. Thedford, 21 Tex. Civ. App. 254, 51 S. W. 263, this court held, in an opinion by Justice Hunter, that the inhibition did not apply to the officers or agents of a corporation. Lester v. Hutson, 184 S. W. 268.

[6] In the fourth and last assignment, complaint was made that the court erred in his conclusions of fact that the notes sued on were in part given for the procuring of provisions and necessaries on the part of Mrs. Burkett and her family. The fact that the money loaned was needed and used for the purchase of necessaries would give the transaction the same character as if the notes themselves were made for necessaries. Fermier v. Brannan et al., supra.

All assignments are overruled, and the judgment is affirmed.

Affirmed.

CONNER, C. J., not sitting, serving on writ of error committee at Austin.