**FOWLER et al. v. HARDEE et al.**
**(No. 7290.)**

Court of Civil Appeals of Texas. Austin.
Feb. 28, 1929.

Motions for Rehearing Denied March 20, 1929.

Lee & Gray and Woodruff & Holloway, all of Brownwood, for appellants.

Sweet & Nabors, of Brownwood, for appellees.

McCLENDON, C. J. Appellees sued appellants and others in trespass to try title to recover two tracts of land, aggregating 265 acres out of the 640-acre Samuel O. Fowler survey, No. 22, in Brown county. Appellees asserted their right to recover both under a regular chain of title from the sovereignty of the soil and under the five and ten year statutes of limitation. The judgment was in favor of appellees (plaintiffs below) against all of the defendants below, including appellants, upon a directed verdict.

Appellant John G. Cross claimed as sole heir at law of Sam Houston Chandler and the remaining appellants as sole heirs at law of Jesse R. Chandler. The issues involved grow out of the following undisputed facts:

Weldon W. and Sarah Chandler, husband and wife, were the parents of thirteen children, all of whom survived Weldon W. Chandler, who died intestate in 1870. Four hundred acres undivided out of the Fowler survey were conveyed to Weldon W. Chandler on June 8, 1868. The remaining 240 acres undivided were conveyed to Sarah Chandler as surviving wife of Weldon W. Chandler, on August 8, 1872, the deed reciting that it was in consummation of a bond for title to Weldon W. Chandler, dated October 18, 1865, which recitation the record shows to be correct. Sam Houston Chandler and Jesse R. Chandler were two of the thirteen children of Weldon W. and Sarah Chandler. One of the children died intestate and without issue before the death of Weldon W. Chandler. Another married Charles Hardee, and it is under Mrs. Hardee and her husband that appellees claim. By several deeds executed in 1885, 1886, 1888, and 1893, the interest of Sarah Chandler and six of the thirteen children was conveyed either to Mr. or Mrs. Hardee. The interest of another child passed to Mrs. Hardee in 1918 by quitclaim deed, reciting a consideration of $100 and love and affection. The record does not give the names of the remaining two children. Appellees' brief states that the interests of all of the children except Sam Houston and Jesse R. Chandler were acquired by the Hardees. The

only evidence we find in the record to bear this out is the following testimony of F. W. Hardee:

"I knew all the old ones (Chandler heirs). I knew my father had a deed from all of them except Sam and Jess. Those are the two I knew he didn't have a deed from."

It is possible that the two remaining children or their heirs were named parties defendant, but this we are unable to verify. However, we regard this omission in the record as of no importance in the view we take of the case. The record shows that the appellants, except Cross, were the sole heirs at law of Jesse R. Chandler. With reference to Cross' heirship to Sam Houston Chandler, the record shows that the latter died in 1884, and was survived by his wife and one son, Sam Houston Chandler, Jr. The surviving wife married one Cross, and to them were born two children, one of whom died at the age of two years, and the other was John G. Cross, appellant. Both Mr. and Mrs. Cross died many years ago when Sam Houston Chandler, Jr., was not over 14 or 15 years old, at which time one of his aunts took him to Oklahoma, and nothing further was known of him. John G. Cross' claim of heirship to his half-brother, Samuel Houston Chandler, Jr., is based upon the statutory presumption of death arising from 7 years' absence.

We think the evidence insufficient to raise this presumption under the holding of the following cases to the effect that, where a person changes his residence from one state to another, evidence "that he had not been heard of in the former state for a period of seven years, does not make a case within the statute." Stiles v. Hawkins (Tex. Com. App.) 207 S. W. 89; Latham v. Tombs, 32 Tex. Civ. App. 270, 73 S. W. 1060.

Appellees' limitation claim under the 5-year statute is predicated upon partition deeds between them filed for record November 1 and 4, 1922. Appellees' original petition, upon which they went to trial, was filed October 17, 1927, and appellants' answer was filed November 22, 1927. We overrule appellants' contention that limitation was not tolled until answer filed. Appellees must recover upon the strength of the title they pleaded, and could not, in the absence of an amendment asserting it, show title acquired after the filing of the suit. Erp v. Tillman, 103 Tex. 574, 131 S. W. 1057; for other cases see 22 Texas S. W. Dig., "Trespass to Try Title,"

Over appellants' objection, W. F. Hardee was permitted to testify to a verbal sale in the early 80's by Samuel Houston Chandler, of his interest in the land, to witness' father, Charles Hardee. On cross-examination it was developed that all the knowledge of the witness in this regard was acquired from conversations with his father at which Samuel Houston Chandler was not present.

This testimony was clearly hearsay, and we sustain the propositions complaining of it.

Upon appellees' limitation claim of 10 years, the record shows the following: About 1880 the Hardees took possession of the land, built a house thereon, fenced the pasture land, and put other land in cultivation. From that time until the trial they have been in possession, cultivating and using the land, occupying it as a home, paying the taxes, and claiming it as their own. In 1894 Charles Hardee and wife gave a deed of trust on a 300-acre tract out of the survey. This instrument was recorded at the time, and later the trustee foreclosed under it, and the purchaser thereafter sued Jesse and Samuel Houston Chandler in trespass to try title, and in 1905 recovered the land. In this suit Jesse R. Chandler was personally served and Samuel Houston Chandler was served by publication. Judgment against the former was by default. In 1914, Charles Hardee having died, community administration was taken out on his estate, and the inventory listed as a part thereof "261 acres of land out of the S. O. Fowler survey No. 22 of land in Brown County, Texas."

Appellants introduced a letter written by Jesse R. Chandler from Toyah, Tex., to his sister, Mrs. Hardee, dated November 30, 1918, reading:

"No doubt you will be surprised to receive a letter from me. This will be a short letter, as I am writing a strictly business letter. I have been advised that you are claiming to have become in possession of my interest in the land known as the Estate of W. W. and Sarah Chandler. Just a short time before I left Brown Co. Charley talked with me about my part of the land. He said he wanted to buy my interest and offered me a pony as part pay on the land. I told him when the land was paid that I would give or make him a deed for same. After this he advised me that the pony had fell off of a bluff and killed himself. So there was never any more said about it. Now, Sister Sallie, there is no use of us getting into law about this matter, when we can settle this without it. I know you have no deed to my land and Brother Sam's heirs, so please let me know what you will do about this matter, as you are bound to know you can't dispose of this land without getting in trouble, that I don't want to cause you, as we are all older and can't live much longer. So I insist on you as a brother to let us settle this matter without trouble. Now, if you want the land, send me a proposition, and if it suits me we will trade, and I will make you or anyone you suggest a deed. I guess you see Lissie and Ed occasionally. Expecting to hear from you soon, as ever your brother."

Appellants claim (1) that the above evidence was insufficient to raise the issue of notice to Jesse R. Chandler (a cotenant) of the adverse claim of the Hardees; or (2) that the issue so raised was one of fact. Appellees claim that the evidence established such notice as a matter of law.

We are clear in the view that the evidence raises the issue of notice, and we have reached the conclusion that the question presented is one of fact only.

■■ The general principles involved in this issue are embodied in the following quotations:

"The possession of a cotenant or tenant in common will be presumed to be in right of the common title. He will not be permitted to claim the protection of the statute of limitations unless it clearly appears that he has repudiated the title of his cotenant and is holding adversely to it. Possession and payment of taxes on the property do not constitute the assertion of an adverse right. There must be something more. Alexander v. Kennedy, 19 Tex. 496 [70 Am. Dec. 358]. The acts relied upon by the tenant in common in showing an ouster of his cotenants and the assertion of an adverse claim should be more certain and unequivocal in character than would be necessary in ordinary cases where there is no privity of estate between the parties claiming the property; and in order to affect the cotenants with this adverse holding notice of such fact must be brought home to them, either by information to this effect given by the tenant in common asserting the adverse right; or by such acts of unequivocal notoriety in the assertion of such adverse and hostile claim that they will be presumed to have notice of such adverse right." Phillipson v. Flynn, 83 Tex. 583, 19 S. W. 138.

"In order to put the statute of limitation in operation, the cotenant not in possession must have actual knowledge of the fact that the cotenant in possession is disputing his right to the property, or such cotenant's possession and assertion of hostile claim must be so notorious as to authorize the presumption that the other joint owner has knowledge thereof." House et al. v. Williams et al., 16 Tex. Civ. App. 122, 40 S. W. 414.

See, also, Stiles v. Hawkins, above.

In Illg v. Garcia, 92 Tex. p. 251, 47 S. W. 717, it was held, Mr. Justice Denman writing:

"Certainly repudiation of the claim of a cotenant and notice thereof may be shown by circumstances, and in cases like this, after all the parties are dead, the jury may infer such facts from long continued possession under claim of exclusive ownership and nonassertion of claim by the other tenant."

■ The quoted letter of Jesse R. Chandler, written nearly 9 years before the suit was filed, shows that he then had "been advised" that the Hardees were claiming his land. Just when or how he received this "advice" is not stated, but it is clear from the letter that he had had previous negotiations with

Charles Hardee regarding his interest which had not materialized, since which time, and up to the time of the "advice" referred to, he appears to have had no intimation that the Hardee possession was adverse to him. This letter would tend to negative personal knowledge or notice of such adverse holding prior to the "advice" which furnished the occasion for the letter. The record indicates, as shown below, that appellees may be able to show the source and proximate date of this "advice," for which reason we will offer no further comment on the subject.

We do not think the mere record (without change of possession) of the trust deed and the inventory in the survivorship proceeding were sufficient to charge Jesse R. Chandler with constructive notice of their existence or contents. See White v. McGregor, 92 Tex. 556, 50 S. W. 564, 71 Am. St. Rep. 875; Freeman v. Pierce (Tex. Civ. App.) 250 S. W. 778. There was no occasion for examining the record for any title or claim eminating from the Hardees so long as they held possession of the property. The cases which seem to hold to the contrary are no doubt reconcilable with the above authorities upon the theory that under the instruments then in question (deeds to a part or all the land) the grantees went into possession.

The suit in 1905, in which Jesse R. Chandler was personally cited, gave him actual knowledge of the adverse claim of the plaintiff therein to the 300-acre tract. That suit carried constructive notice of the claim upon which plaintiff therein rested his title, and therefore charged Jesse R. Chandler with notice, not only that the Hardees had given the deed of trust, but that it had been foreclosed and the purchaser was claiming title thereunder.

While we have no doubt of the admissibility of this evidence as a circumstance tending to raise the fact issue of notice of an adverse claim to the remainder of the tract, we have had some difficulty in determining whether it was so conclusive in character as to constitute notice as a matter of law. We have reached the conclusion, however, that this latter question should be resolved in the negative.

In Carr v. Alexander, 149 S. W. 218, this court had for determination the admissibility of deeds from cotenants in possession of portions of the land in excess of their interest. We quote from the opinion on this point, Chief Justice Key writing:

"Conceding the fact of such cotenancy, proof that the Arledges undertook to convey to others at least half of the entire tract and continued to occupy and use the remainder were circumstances tending to show that their possession was intended to be adverse against every one, including their cotenant Mrs. Carr."

On rehearing it was said:

"It seems to us that having notice of the fact that the Arledges had sold and conveyed to others as much of the land as they had any right to, then when thereafter they remained in possession of the balance of the tract, which in its entirety rightfully belonged to Mrs. Carr, the latter was charged with notice that such possession of the Arledges was adverse to any right of hers."

Here the conveyance under the trust deed was of a much smaller interest than the Hardees held in the land. Jesse R. Chandler's interest was comparatively small, one twenty-fourth, and, when we consider the fact of previous negotiations for that interest and the remoteness of his residence from the land, together with the close blood relationship between him and the Hardees, and the inferences that might be drawn from all these circumstances, we hold the evidence of the deed of trust and foreclosure and suit thereunder, while admissible as a circumstance, did not conclusively establish notice of an adverse claim in the Hardees.

Appellees offered a number of oil and gas leases executed by the Hardees at various times. These leases were excluded, and error is cross-assigned. We overrule these cross-assignments under the authorities above cited.

Under the same authorities we overrule a cross-assignment complaining of the exclusion of a recorded homestead designation of the Hardees.

Another cross-assignment complains of the exclusion of testimony of an attorney, employed by the Hardees to clear the title, to the effect that in or shortly before April, 1917, he mailed a letter to Jesse R. Chandler, at Toyah, Tex., inclosing a deed for execution, and advising the sendee that Sarah Hardee claimed that many years before she had purchased and paid for his interest in the land, but that, if he had ever made her a deed, it had been lost or misplaced without being placed of record. Two objections were made to this evidence: (1) Because the letter was the best evidence of its contents, and no notice to produce it had been given; (2) that it related to transactions with a deceased person. R. S. art. 3716.

The first objection was well taken; the second was not. Saunders' Ex'rs v. Weekes (Tex. Civ. App.) 55 S. W. 33; Colonial & U. S. Mortgage Co. v. Thedford, 21 Tex. Civ. App. 254, 51 S. W. 263; Lomax v. Marlow (Tex. Civ. App.) 38 S. W. 228.

If upon another trial a proper predicate is laid for the introduction of secondary evidence, the excluded testimony should be admitted.

As to appellant John G. Cross, the trial court's judgment is affirmed. As to the other appellants the trial court's judgment is reversed, and the cause remanded for a new

trial. The judgment as to others not parties to the appeal is not disturbed.

Affirmed in part, and in part reversed and remanded.

### On Motions for Rehearing.

Both appellant Cross and appellees have moved for rehearing.

Appellees·urge that the trial court's judgment should be affirmed on the authority of Gaston v. Dashiell, 55 Tex. 508, which holds that notice becomes a question of law when it is based in part upon written instruments and in part upon admitted or unquestioned facts·connected with those instruments. That holding is not applicable here. In our·original opinion we held that Jesse R. and S. H. Chandler were charged as a matter of law with notice of the trust deed from Charles Hardee to the bank, the trustee's deed to Womack, and the decree in the Brown county suit based thereon. The issue in this case, however, was notice to Jesse R. and S. H. Chandler of the adverse claim of the Hardees to their interest in the balance of the survey. We adhere to our original holding that under the facts in this case such notice did not follow as a matter of law from notice of the trust deed, trustee's deed, and decree.

Appellant's only contention which we think requires mention is to the effect that the judgment against John G. Cross should be reversed and the cause remanded as to him, upon two grounds: (1) Because he was a defendant in the court below and was entitled to the benefit of S. H. Chandler, Jr's., outstanding title as a defense, to the extent of that interest, to plaintiffs' suit; and (2) that the evidence was in any event not fully developed upon the issue of S. H. Chandler, Jr's., death.

The first of these contentions we overrule for two reasons:

(1) If S. H. Chandler, Jr., was alive, as must be presumed under the evidence, his interest passed to the plaintiffs by virtue of the judgment in this suit. He was made a party defendant; was cited by publication; the judgment was against him; and he has not appealed. We have not found a case in point upon this exact question, but we are clearly of the view that the right of a defendant in trespass to try title to set up an outstanding title in a third party does not apply, where such outstanding title is in a codefendant made a party by the plaintiff, and his title passes to the plaintiff by the judgment in the suit.

In Woods v. Selby Oil & Gas Co., 2 S.W. (2d) 895, this court held, Associate Justice Baugh writing, that the defense of outstanding title was not available to a codefendant, where the defendant holding the outstanding title was made a party by the plaintiff and filed a disclaimer. The holding there was that the disclaimer inured to the benefit of the plaintiff who had brought the codefendant into the suit asserting title against him. In a concurring opinion the writer said:

"Appellees as plaintiffs below could only recover on the strength of their own title. But since the Frys disclaimed they were entitled to judgment against them on their dis-·claimer, and therefore the Frys' title could not be asserted by Woods as an outstanding title against appellees. If the Frys had not been made defendants, appellants' contention upon this phase of the case would be correct."

A writ of error was granted in that case and our judgment affirmed by the Supreme Court upon recommendation of the commission. 12 S.W.(2d) 994. We are unable to determine from the commission's opinion whether it was intended to base its recommendation of affirmance on both grounds in the concurring opinion. The following language would indicate that such was the holding of the commission:

"Though there is an occasional phrase which may be slightly incorrect, this [the concurring] opinion substantially states the law of the case, rendering further discussion by us unnecessary."

However that may be, we feel confident in the view above expressed that the defense of outstanding title is not available here, because the holder of that title was impleaded, and it was adjudicated in plaintiffs' favor.

(2) Plaintiffs sued for the entire title to the land. Upon the assumption that S. H. Chandler, Jr., was alive, he was a cotenant of plaintiffs, and they were entitled to recover the entire title for the benefit of themselves and their cotenants. John G. Cross was a total stranger to the title under the above assumption. The case here is clearly distinguishable from Steddum v. Kirby Lumber Co., 110 Tex. 5, 13, 221 S. W. 920, in this: Here plaintiffs sued for the entire title to the land, whereas there they sued for only an undivided half interest therein. This distinction is clearly brought out in the opinion of Chief Justice Phillips in disapproving the holding of the commission on that point.

Upon the second ground appellant relies upon that line of cases which holds that, where the appellate court reverses a judgment of the trial court, and the record does not show that the case has been fully developed, judgment will not be rendered for the prevailing party on appeal, but the cause will be remanded for a new trial. That rule does not apply where the judgment of the trial court is not reversed for some error. As was said in Simmons v. Dickson, 110 Tex. 230, 218 S. W. 365:

"We would not be warranted in reversing a correct judgment to enable the losing party here to adduce proof which he should have offered in the first instance. Harris v. Shafer, 86 Tex. 314, 23 S.`W. 979, 24 S. W. 263."

Both motions are overruled.

Overruled.