## VALDEZ et al. v. YOE.

No. 8611.

Court of Civil Appeals of Texas. San Antonio.

May 15, 1931.

Rehearing Denied June 10, 1931.

C. K. Richards, of Brownsville, for appellants.

Seabury, George & Taylor, of Brownsville, for appellee.

FLY, C. J.

This is an action of trespass to try title to 2.90 acres of land off a tract of 12 acres by appellee against Antonio Valdez, Jr., and others. Appellants pleaded not guilty, and three, five, and ten years' statute of limitation, and res adjudicata. The cause was tried without a jury, and judgment rendered for appellee for the land.

■■ Appellee demurred to that part of the answer setting up res adjudicata because that allegation showed that appellee was not a party to the judgment claimed to constitute res adjudicata. There was no error in that action of the court. Appellee was not a party to that suit, and was in no way connected with it, and consequently could not be concluded by any judgment rendered in the case. No connection was shown between appellee and the parties against whom the adjudication was had. Walsh v. Ford, 27 Tex. Civ. App. 573, 66 S. W. 854. There must be identity of causes of action, of issues involved, and of persons; and there must be a trial on the merits. The answer did not meet the requirements. Philipowski v. Spencer, 63 Tex. 604.

The first, second, third, fourth, fifth, and sixth propositions are too general for consideration, and are overruled.

■■ The eighth proposition complains of the action of the court in permitting John B. Scott, president of the Brownsville Land & Improvement Company, through which company appellee deraigns title, to swear to communications made to him by "old man Cantu," an ancestor of appellants, to the effect that, although the land in controversy was inclosed by his fence, he did not claim any interest in it whatever. This was objected to on the ground that it was hearsay and because it was a statement by, and a transaction with, a deceased person, whose executor was a party to the suit. It was not obnoxious to article 3716, Revised Statutes of Texas, which condemns such testimony. The article is as follows:

"Art. 3716. _In Actions by or Against Executors, etc._—In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

It has been held by Texas courts in a number of decisions that the article in question did not apply where the testimony was given by the officer of a corporation or where it was given by a person not a party to the suit. Colonial & U. S. Mortgage Co. v. Thedford, 21 Tex. Civ. App. 254, 51 S. W. 263; Williams v. National Bank (Tex. Civ. App.) 201 S. W. 1083. The cases cited, as well as others, effectually dispose of objections raised, under the statute, to the testimony. The testimony was as to the declarations of one who was in possession of the land and who voluntarily disclaimed any interest in the land claimed by the improvement company. It tended to indicate that Cantu was not holding the land adversely to the true owner, and his declarations were properly admitted.

We adopt the findings of facts filed by the trial judge, and are of opinion that they are supported by the statement of facts. The testimony failed to establish title by any period of limitation provided by statute. This view of the testimony disposes of the first six propositions which we think are so general and indefinite as to merit no consideration. Appellants are seeking to hold the land only by limitation, and have failed to establish any title through limitation. The court heard the testimony, and was justified in finding that the title to the land was in appellee.

The judgment is affirmed.