## WOODS et al. v. SELBY OIL & GAS CO. et al.
(No. 960—5087.)

Commission of Appeals of Texas, Section B.
Jan. 23, 1929.

McCartney, Foster & McGee, of Brownwood, for plaintiffs in error.

Critz & Woodward, of Coleman, for defendants in error.

SHORT, P. J. The subject-matter of this suit is a tract of land triangular in form, having a base 12½ feet wide and its other line about 1,200 feet in length on which is located an oil well of considerable value. The pleadings of the parties are those, commonly used in an action of trespass to try title. The defendants in error instituted the suit, and and in the trial court recovered judgment, which judgment was affirmed by the Court of Civil Appeals. 2 S.W.(2d) 895. However, in that court two opinions were written, in both of which are enunciated, in the main, correct legal principles; but we think those expressed in the minority opinion, written by the Chief Justice, are applicable to the facts proven and constitute the law of the case. On June 26, 1926, two of the plaintiffs in error, J. H. Fry and wife, owned certain interests in the oil, gas and other minerals in a certain well-defined 155-acre tract of land, its east and west lines being parallel and its north and south lines nearly so; the south line running east and west and its north line running from its northwest corner S. 89°, 25° E. On this date Fry and wife agreed in writing to convey to plaintiff in error Woods an undivided one-half interest in the oil, gas, and other minerals, so owned by them under the "north eighty acres out of the west one hundred and fifty-five acres of the north half" of the original survey, and on July 2, 1926, executed a deed to this interest in the said 80 acres in pursuance of the previous agreement.

As the acknowledged owner of the interest in the property thus duly conveyed, under the recognized legal rules of construction of these two instruments, Fry and wife divested themselves of this interest and invested it in Woods to the extent of the 80 acres in the form of a parallelogram; the east and west lines being parallel to each other, and likewise the north and south lines being parallel to each other. The parties to this litigation agree that where an instrument of writing calls for a particular quantity of land out of a corner of a larger established tract, two of which adjoining sides are given, without a more definite description, the smaller tract must be established in the form of a rectangle. The phrase "80 acres out of the N. W. corner," used in the instrument, means that part of the larger tract embraced within four lines, one of which bisects the east and west lines, parallel to the north line, thus forming a rectangle. Dealing alone with this transaction, evidenced by these two instruments in the light of the fact that the course of the west and east lines and the course of the north line of the 80 acres were known and recognized by Fry and wife and by Woods, and applying the legal rule recognized by all the parties to this lawsuit, we have the course of its east and west lines, and the course of its north and south lines, respectively parallel to each other, and leaving the shape of the remainder of the 155-acre tract determined by its outside lines on the west, south, and east, and by the south line of the 80-acre tract, which last line is, as we have seen, parallel with the north line of the 155-acre tract. Pruett v. Robison, 108 Tex. 283, 192 S. W. 537; 18 Corpus Juris, 293, 270; Thompson v. Langdon, 87 Tex. 254, 28 S. W. 931; Johnson v. Archibald, 78 Tex. 96, 14 S. W. 266, 22 Am. St. Rep. 27; Converse v. Langshaw, 81 Tex. 277, 16 S. W. 1031; Ashbaugh v. Ashbaugh, 273 Mo. 353, 201 S. W. 74.

On the 28th day of June, 1926, Fry and wife, the common source of title to the 155-acre tract, made a written contract with the defendants in error, the plaintiffs in the trial court, by the terms of which they obligated themselves to convey the same character and quantity of interest in 75 acres in the S. W. part of the original larger tract, out of which the 80-acre tract was carved, as they had agreed on the 26th day of June, 1926, with the plaintiff in error Woods. This contract to convey was consummated on June 30, 1926, by the execution and delivery of a deed in

which the 75 acres was designated as the "south 75 acres of the west 155 acres" of the original tract containing 290.65 acres, this larger tract being specifically described by metes and bounds, about which there is no dispute, though it appears that the course of the north line of this larger tract, as traced on the ground, instead of being on east and west course, as apparently was supposed by all the interested parties, deflected about one-half a degree to the south, as the line was traced from the west to the east, while the course of the south line was a due east and west line; the east and west lines of the 155 acres being parallel to each other. The location on the ground of all of the lines of the 155-acre tract is not in dispute. In the opinion rendered by the members of the Court of Civil Appeals are embraced other facts we have not mentioned but have considered.

As has been indicated, we think that while the Court of Civil Appeals reached the correct conclusion, the principles of law applicable to the facts are expressed in the minority opinion prepared by its Chief Justice McClendon. Though there is an occasional phrase which may be slightly incorrect, this opinion substantially states the law of the case, rendering further discussion by us unnecessary.

We recommend that the judgment of the Court of Civil Appeals affirming that of the district court be affirmed.

CURETON, C. J. Judgment of district court and Court of Civil Appeals affirmed.