**Charlsie Northcutt MORRISON, Appellant,**

**v.**

**James ROBINSON and Charles Owen Robinson, Appellees.**

**No. 10–05–00321–CV.**

Court of Appeals of Texas, Waco.

Aug. 30, 2006.

---

Joseph L. Lanza, Richard Haynes & Associates, P.C., Houston, for appellant.

Bryan F. Russ, Molly Ann Hedrick, Palmos, Russ, McCullough & Russ, L.L.P., Hearne, for appellees.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

Appellant Charlsie Northcutt Morrison appeals the trial court's summary judgment in favor of Appellees James Robinson and Charles Owen Robinson.

### Background

Morrison and her sister-in-law, Barbara Evans, each owned an undivided one-half interest in 87.36 acres in Robertson County. They conveyed their interests in the surface estate to the Robinsons on July 9, 1998. The deed conveying the surface estate also contained separate mineral reservations for each of the grantors.

The deed was prepared by Morrison's attorney. Prior to executing the deed, counsel for the Robinsons reviewed a draft and contacted the attorney about concerns with the language in the mineral reservations. However, he was assured that the

language was consistent with the intent of the parties as expressed in the contract, and the parties executed the deed with this language. Thereafter, T–Bar–X Company leased the minerals under the 87.36 acres and a dispute arose between Morrison and the Robinsons as to what portion of the minerals each party owned.

On December 21, 2004, the Robinsons filed their original petition for declaratory judgment against Morrison, who answered and filed a counterclaim for declaratory judgment and to quiet title.[1] The trial court granted summary judgment in favor of the Robinsons and, on August 15, 2005, denied Morrison's Motion for New Trial.

Morrison brings four issues on appeal. We will reverse on the first issue and need not address the other three.

## Standard of Review

We review the decision to grant or deny a summary-judgment motion de novo. *See Provident Life & Accident Co. v. Knott*, 128 S.W.3d 211, 215 (Tex.2003). The standards for reviewing a traditional motion for summary judgment are well established. *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). The movant has the burden of showing that no genuine issue of material fact exists and that he is entitled to summary judgment as a matter of law. *American Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997); *Ash v. Hack Branch Distributing Co.*, 54 S.W.3d 401, 413 (Tex.App.-Waco 2001, pet. denied). The reviewing court must accept all evidence favorable to the non-movant as true. *Nixon*, 690 S.W.2d at 549; *Ash*, 54 S.W.3d at 413. Every reasonable inference must be indulged in favor of the non-movant and all doubts resolved in its favor. *American Tobacco*, 951 S.W.2d at 425; *Ash*, 54 S.W.3d at 413.

1. Barbara Evans is not a party.

## Deed Ambiguity

■ In her first issue, Morrison questions whether the deed is ambiguous. The question of ambiguity in a deed is a question of law. *Cherokee Water Co. v. Freeman*, 33 S.W.3d 349, 353 (Tex.App.-Texarkana 2000, no pet.) (citing *Reilly v. Rangers Mgmt., Inc.*, 727 S.W.2d 527, 529 (Tex.1987)). An instrument is not ambiguous if it can be given a definite or certain meaning as a matter of law. *Coker v. Coker*, 650 S.W.2d 391, 394 (Tex.1983). However, if a deed is subject to two or more reasonable interpretations, it is ambiguous. *See Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.*, 940 S.W.2d 587, 589 (Tex.1996). An ambiguity creates a fact issue as to the parties' intent. *Id.*

■ An ambiguity does not arise simply because the parties advance conflicting interpretations. *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 861 (Tex. 2000) (citing *Columbia Gas*, 940 S.W.2d at 589). For an ambiguity to exist, both interpretations must be reasonable. *Id.* Therefore, we must decide if there is more than one reasonable interpretation of Morrison's mineral reservation in the deed.

At issue is the following language:

SAVE AND EXCEPT and there is hereby reserved for Grantor, Charlsie Northcutt Morrison, and her heirs, administrators, successors or assigns, an undivided one-half (½) interest of the oil, gas and other minerals produced with the oil and gas *now owned* by Charlsie Northcutt Morrison that are in and under the property and that may be produced from it[.]

Under the Robinsons' interpretation, the express wording of the reservation operat-

ed to reserve unto Morrison an undivided one-quarter interest in the mineral estate. The reservation, as quoted above, states that Morrison reserved an undivided one-half of the minerals produced with the oil and gas now owned by her. The words "now owned" are underlined in the deed. We find that it is reasonable to read the reservation with an emphasis on the words "now owned" and conclude that Morrison intended to convey one-half of her mineral interest (*i.e.* one-quarter of the total mineral interest).

Morrison argues, however, that her reservation must be harmonized with the Evans Reservation which contains the following language:

> SAVE AND EXCEPT and there is hereby reserved for Grantor, Barbara Morrison Evans and her heirs, administrators, successors or assigns, for a period until June 11, 2000, an undivided one-half (½) interest of the oil and gas and other minerals produced with the oil and gas *now owned* by Barbara Morrison Evans, that are in and under the property and that may be produced from it[.]
>
> . . .
>
> On June 11, 2000, an undivided one-fourth (¼) interest of the total mineral estate shall pass to and be owned by Grantees, their heirs and assigns. It is the intent of the Grantor Barbara Morrison Evans and · the Grantee [*sic*] James E. Robinson and Charles Owen Robinson, that as of June 11, 2000 that Barbara Morrison Evans, her heirs and assigns shall own an undivided one-fourth (¼) of the oil, gas and other minerals and James E. Robinson and Charles Owen Robinson and their heirs and assigns shall own an undivided one-fourth (¼) of the total oil, gas and mineral estate.

Morrison claims that the meaning of the "now owned by" language in her reservation is revealed in the additional language. She argues that the last sentence of the Evans Reservation indicates that both reservations intended for the grantors to initially retain their undivided one-half interests in the minerals. She argues that because the language in the Evans Reservation makes clear that the parties intended for Evans to retain her undivided one-half interest in the mineral estate until June 11, 2000, the only reasonable construction for the language in the Morrison Reservation is that she would likewise retain her undivided one-half interest in the mineral estate.

 Whether an instrument is ambiguous is a question of law that must be decided by examining it as a whole in light of the circumstances present when it was executed. *See Enterprise Leasing Co. of Houston v. Barrios*, 156 S.W.3d 547, 549 (Tex.2004). We must examine and consider the entire writing in an effort to harmonize and give effect to all provisions so that none will be rendered meaningless. *See Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 133 (Tex.1994). No single provision will control; rather, all provisions must be considered with reference to the whole instrument. *Id.*

Finding that the wording of the Morrison Reservation is substantially identical to the Evans Reservation, and considering the additional language, we find that both interpretations are reasonable. Because the deed is reasonably susceptible to more than one meaning, it is ambiguous. This ambiguity creates a fact issue as to the parties' intent and, therefore, summary judgment was not proper.

### Conclusion

Having sustained Morrison's first issue, we reverse the summary judgment and

remand the cause to the trial court for further proceedings.

Chief Justice GRAY, Dissenting.

TOM GRAY, Chief Justice dissenting.

This case was decided on May 24, 2006. I dissented from that opinion with only a note explaining my dissent. The Robinsons have filed a motion for rehearing. The Court did not request a response but the majority is, nevertheless, withdrawing its earlier opinion and issuing a new one. Because the text of the motion for rehearing is a more complete discussion of the error made by the majority than was my original dissenting note, I withdraw my dissenting note issued May 24, 2006 and substitute this dissenting opinion which is taken, for the most part, from the motion for rehearing of the Robinsons.

This is an appeal of a summary judgment granted to the Robinsons, construing a deed from Morrison to the Robinsons. The majority held that the deed was ambiguous. Holding that the fact issue as to the intent of the parties to the deed made the summary judgment improper, the majority reversed the summary judgment and remanded the case to the trial court. I dissent.

To fully appreciate the problem, it is important to understand that there was a single document in which two different owners conveyed property to the Robinsons. In the final analysis, the issue will be whether an ambiguity in one of the grantor's (Evans) granting clause and reservation can create an ambiguity in the other grantor's (Morrison) granting clause and reservation.

The majority based their holding of ambiguity on a determination that both Morrison and the Robinsons presented a reasonable interpretation of the following language contained in the deed at issue:

SAVE AND EXCEPT and there is hereby reserved for Grantor, Charlsie Northcutt Morrison, and her heirs, administrators, successors or assigns, an undivided one-half (½) interest of the oil, gas and other minerals produced with the oil and gas *now owned* by Charlsie Northcutt Morrison that are in and under the property and that may be produced from it.

Based upon the fact that, at the time of the deed, Charlsie Northcutt Morrison owned an undivided one-half interest in the mineral estate of the conveyed property, the majority found that it was reasonable "to conclude that Morrison intended to convey one-half of her mineral interest (*i.e.,* one-quarter of the total mineral interest)." This is not merely a *reasonable* interpretation; it is the *only* interpretation for this language when used as the reservation from the grant.

For Morrison's interpretation—that the quoted language reserved to Morrison a full one-half of the mineral estate—to be considered "reasonable," the majority must completely ignore and disregard the language "now owned." In order for Morrison to have reserved one-half of the mineral estate, she must have stated in her deed that she reserved one-half of *all of* the oil, gas and other minerals and not limited her reservation to one-half of the oil, gas, and other minerals that she owned at the time of the conveyance. The majority notes that they "must examine and consider the entire writing in an effort to harmonize and give effect to all provisions *so that none will be rendered meaningless.*" Maj. Op., pg. 475, citation omitted. The majority further recognizes that the words "now owned" are underlined in the deed, thereby emphasizing the same. Maj. Op., pg. 474. Yet for the majority to say that it is reasonable to interpret the reservation as covering an entire one-half

of the minerals, the majority must give the term "now owned" a completely different meaning than its ordinary meaning and hold that it could mean 100% of the property, including the 50% that Morrison did not own at the time of the conveyance. This type of stretch to create an ambiguity should not be countenanced.

The majority determined that Morrison's interpretation of the reservation—that somehow it can be read to say that Morrison reserves her entire one-half of the minerals—is reasonable. However, the majority does not tell us how that interpretation reasonably flows from the language employed in the deed. The reservation states that Morrison is reserving one-half of one-half; one-half of what she "now owned" which was only one-half of the minerals. How can the language used be read to say that she is reserving *all* of what she owned, or one-half of everything?

The majority concludes that Morrison's reservation is somehow ambiguous by reference to Evans's mineral reservation contained in the same deed. Because of additional language contained in *Evans's* reservation, the majority determined that there is an ambiguity in *Morrison's* reservation. The majority is in error.

If the additional language relating to the timing of Evans's mineral reservation/conveyance had not been included in the deed, the majority would have found no ambiguity in Morrison's mineral conveyance and reservation. However, because the majority finds a perceived inconsistency in *Evans's* reservation, due solely to the additional language found only in *Evans's* reservation, the majority has determined that Morrison's reservation is ambiguous.

I have found no precedent for the majority's holding that the language used by one independent grantor in a deed can create an ambiguity in the otherwise unambiguous language used by another independent grantor. The deed in question is from two different grantors owning two distinct estates, and each grantor's conveyance to the Robinsons should stand on its own. This distinguishes it from the wealth of authority in which different documents signed by the same grantor are construed together to show an ambiguity. In the case before this Court, there are two grantors within the same document making a conveyance and reservation of their property interest. Each grantor has their own intent; what Evans intended in her conveyance and reservation has no bearing on determining what Morrison intended. But the majority looks at the language of Evans's reservation and applies it to Morrison's reservation, even though the very language used in Evans's reservation limits it to "the intent of the Grantor *Barbara [] Evans*." Evans's intent cannot supplant Morrison's intent.

The language of Morrison's mineral reservation conveyance in the deed is not ambiguous on its face. At most, comparing Morrison's reservation language to that of Evans's independent reservation, the majority might conclude that Morrison may have intended to say something other than what was expressed in the deed. However, "[t]he intention must be ascertained from the language used, from what the *grantor* actually said, and not what he may have meant to say." *Woods v. Selby Oil & Gas Co.*, 2 S.W.2d 895, 897 (Tex.Civ. App.-Austin 1927), *aff'd* 12 S.W.2d 994 (Tex.Com.App.1929) (emphasis added). The majority should interpret the deed by looking solely at what the grantor, Morrison, expressed in the deed—not what some other grantor, Evans, expressed—and give effect to the clear wording of the Morrison granting clause and reservation.

I would grant the motion for rehearing, withdraw the earlier opinion, and affirm the judgment of the trial court in all re-

spects. Because the majority reverses the trial court, I respectfully dissent.