IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00321-CV

 

Charlsie Northcutt Morrison,

                                                                      Appellant

 v.

 

James Robinson and 

Charles Owen Robinson,

                                                                      Appellees

 

 



From the 82nd District Court

Robertson County, Texas

Trial Court No. 04-12-17,123-CV

 



DISSENTING Opinion










 

          This case was decided on May 24,
2006.  I dissented from that opinion with only a note explaining my dissent. 
The Robinsons have filed a motion for rehearing.  The Court did not request a
response but the majority is, nevertheless, withdrawing its earlier opinion and
issuing a new one.  Because the text of the motion for rehearing is a more
complete discussion of the error made by the majority than was my original
dissenting note, I withdraw my dissenting note issued May 24, 2006 and
substitute this dissenting opinion which is taken, for the most part, from the
motion for rehearing of the Robinsons.

          This is an appeal of a summary
judgment granted to the Robinsons, construing a deed from Morrison to the
Robinsons.  The majority held that the deed was ambiguous.  Holding that the
fact issue as to the intent of the parties to the deed made the summary
judgment improper, the majority reversed the summary judgment and remanded the
case to the trial court.  I dissent.

          To fully appreciate the problem, it is
important to understand that there was a single document in which two different
owners conveyed property to the Robinsons.  In the final analysis, the issue
will be whether an ambiguity in one of the grantor’s (Evans) granting clause
and reservation can create an ambiguity in the other grantor’s (Morrison)
granting clause and reservation.

          The majority based their holding of
ambiguity on a determination that both Morrison and the Robinsons presented a
reasonable interpretation of the following language contained in the deed at
issue:

SAVE AND EXCEPT and there is hereby reserved for
Grantor, Charlsie Northcutt Morrison, and her heirs, administrators, successors
or assigns, an undivided one-half (½) interest of the oil, gas and other
minerals produced with the oil and gas now owned by Charlsie Northcutt
Morrison that are in and under the property and that may be produced from it.

 

Based upon the fact that, at the time of the
deed, Charlsie Northcutt Morrison owned an undivided one-half interest in the
mineral estate of the conveyed property, the majority found that it was
reasonable “to conclude that Morrison intended to convey one-half of her
mineral interest (i.e., one-quarter of the total mineral interest).” 
This is not merely a reasonable interpretation; it is the only
interpretation for this language when used as the reservation from the grant.

          For Morrison’s interpretation – that
the quoted language reserved to Morrison a full one-half of the mineral estate
– to be considered “reasonable,” the majority must completely ignore and
disregard the language “now owned.”  In order for Morrison to have reserved
one-half of the mineral estate, she must have stated in her deed that she
reserved one-half of all of the oil, gas and other minerals and not
limited her reservation to one-half of the oil, gas, and other minerals that
she owned at the time of the conveyance.  The majority notes that they “must
examine and consider the entire writing in an effort to harmonize and give
effect to all provisions so that none will be rendered meaningless.” 
Maj. Op., pg. 4, citation omitted.  The majority further recognizes that the
words “now owned” are underlined in the deed, thereby emphasizing the same. 
Maj. Op., pg. 3.  Yet for the majority to say that it is reasonable to
interpret the reservation as covering an entire one-half of the minerals, the
majority must give the term “now owned” a completely different meaning than its
ordinary meaning and hold that it could mean 100% of the property, including
the 50% that Morrison did not own at the time of the conveyance.  This type of
stretch to create an ambiguity should not be countenanced.

          The majority determined that
Morrison’s interpretation of the reservation – that somehow it can be read to
say that Morrison reserves her entire one-half of the minerals – is
reasonable.  However, the majority does not tell us how that interpretation
reasonably flows from the language employed in the deed.  The reservation
states that Morrison is reserving one-half of one-half; one-half of what she
“now owned” which was only one-half of the minerals.  How can the language used
be read to say that she is reserving all of what she owned, or one-half
of everything?

          The majority concludes that Morrison’s
reservation is somehow ambiguous by reference to Evans’s mineral reservation
contained in the same deed.  Because of additional language contained in Evans’s
reservation, the majority determined that there is an ambiguity in Morrison’s
reservation.  The majority is in error.

          If the additional language relating to
the timing of Evans’s mineral reservation/ conveyance had not been included in
the deed, the majority would have found no ambiguity in Morrison’s mineral
conveyance and reservation.  However, because the majority finds a perceived
inconsistency in Evans’s reservation, due solely to the additional
language found only in Evans’s reservation, the majority has determined
that Morrison’s reservation is ambiguous.  

I have found no precedent for the majority’s
holding that the language used by one independent grantor in a deed can create
an ambiguity in the otherwise unambiguous language used by another independent
grantor.  The deed in question is from two different grantors owning two
distinct estates, and each grantor’s conveyance to the Robinsons should stand
on its own.  This distinguishes it from the wealth of authority in which different
documents signed by the same grantor are construed together to show an
ambiguity.  In the case before this Court, there are two grantors within the
same document making a conveyance and reservation of their property interest.  Each
grantor has their own intent; what Evans intended in her conveyance and
reservation has no bearing on determining what Morrison intended.  But the
majority looks at the language of Evans’s reservation and applies it to
Morrison’s reservation, even though the very language used in Evans’s
reservation limits it to “the intent of the Grantor Barbara [] Evans.” 
Evans’s intent cannot supplant Morrison’s intent.

          The language of Morrison’s mineral
reservation conveyance in the deed is not ambiguous on its face.  At most,
comparing Morrison’s reservation language to that of Evans’s independent
reservation, the majority might conclude that Morrison may have intended to say
something other than what was expressed in the deed.  However, “[t]he intention
must be ascertained from the language used, from what the grantor
actually said, and not what he may have meant to say.”  Woods v. Selby Oil
& Gas Co., 2 S.W.2d 895, 897 (Tex. Civ. App.—Austin 1927), aff’d
12 S.W.2d 994 (Tex. Com. App. 1929) (emphasis added).  The majority should
interpret the deed by looking solely at what the grantor, Morrison, expressed
in the deed – not what some other grantor, Evans, expressed – and give effect
to the clear wording of the Morrison granting clause and reservation.

          I would grant the motion for
rehearing, withdraw the earlier opinion, and affirm the judgment of the trial
court in all respects.  Because the majority reverses the trial court, I
respectfully dissent.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Dissenting
opinion delivered and filed August 30, 2006